No. 187.—STATE OF LOUISIANA v. McLEAN and HAMILTON.

Where two parties are tried together for the crime of murder, each one is entitled to twelve peremptory challenges to the jurors. In such a case the privileges of the one must not be prejudiced by the acts of the other.

The objection that one of the petit jurors was not a registered voter, comes too late if not made until after verdict.

APPEAL from the District Court, parish of Bossier. *Levisee*, J. *Robert J. Looney*, District Attorney, for the State, *J. R. Griffin* and *R. W. Turner*, for defendants and appellants.

HOWE, J. The defendants were indicted for murder, and having been tried and found "guilty without capital punishment," were sentenced to imprisonment at hard labor for the term of their natural lives. From this judgment they have appealed.

It appears by the record that they were tried jointly, and that after McLean had challenged two jurors peremptorily, and Hamilton had in the same manner challenged ten, the counsel for the State objected to the peremptory challenge of another juror by Hamilton on the ground that the prisoners together had exhausted the twelve peremptory challenges accorded by law. The court sustained this objection, and the defendant, Hamilton, reserved a bill of exceptions.

We are of opinion that the ruling of the court was erroneous. The right of peremptory challenge is one of great importance, and where prisoners are tried together the privilege of one should not be prejudiced by the acts of the other. If twelve challenges are to be dis-

tributed between two or more defendants, how is the division to be made? In what order and in what ratio are the shares to be parceled out? When thirteen defendants are tried jointly shall each be declared to have twelve-thirteenths of a peremptory challenge? We think the law accords to each prisoner a right to twelve challenges of the peremptory sort. Acts of 1855, p. — State v. Cazeau, 8 Ann. 114.

We see no reason, however, for disturbing the judgment as to the defendant McLean. His only ground of complaint is that J. L. Biggs, one of the jurors, a talesman, was not a registered voter; but this objection was made for the first time after verdict, on motion for a new trial. The objection came too late. The petit jurors are severally presented to the prisoner before being empanneled and sworn; and it is his duty at that time to examine them, if he desires to test their qualifications. 6 Ann. 310; 8 Rob. 590.

For the reasons given it is ordered and adjudged that the judgment appealed from, as to the defendant McLean, be affirmed with costs; and that as to the defendant Hamilton the said judgment be, avoided and reversed, and the cause remanded for a new trial according to law.