## No. 8341.

### THE STATE OF LOUISIANA VS. NARCISSE GREEN ET AL.

In a criminal prosecution where two defendants are jointly on trial, the State is entitled to six peremptory challenges for each twelve challenges to which such defendants may be entitled. Act No. 24 of 1878 is not unconstitutional and governs this point.

The presence of the accused in court is not necessary during the filing, trial and disposition of a motion for a new trial.   Previous Decisions affirmed.

A PPEAL from the Twenty-fifth Judicial District Court, parish of Lafayette.   *Clegg*, J.

*J. C. Egan*, Attorney General, for the State, Appellee:

First—Act No. 36 of 1880, is the law which governs the challenges of jurors in trials of criminal cases at regular jury terms, where the punishment may be death or imprisonment at hard labor for a term of twelve months or more.

Second—Secs. 997 and 998 R. S. are repealed by Act No. 36 of 1880 ; and Sec. 4 of Act No. 24 of the R. S. of 1878, p. 282.

Third—That the presence of accused in court on the trial of the motion for a new trial is not essential.   32 An., 560, and authorities there cited, etc.

*O. C. Mouton* and *C. DeBaillon* for Defendant and Appellant:

First—State is only entitled to six peremptory challenges regardless of the number of defendants in the prosecution.   Sec. 998, R. S. 1870 ; 24 An. 38 ; 25 An. 472.

Second—Provision in Act No. 36 of 1880 which allows more than six peremptory challenges to the State is unconstitutional, null and void, contravening articles 29 and 30 of the Constitution of 1879.

Third—That said Act No. 36 amends section 997 and not section 998 Revised Statutes of 1870.

Fourth—That the title of said Act embraces no amendment or repeal of said section 998.

Fifth—Record must show presence of accused in court, when motion for new trial is filed, tried, evidence in support thereof introduced, and when submitted and overruled.

The opinion of the Court was delivered by

LEVY, J.   Narcisse Green and Arthur Meaux were jointly indicted for the crime of larceny, tried and convicted, Green being sentenced to hard labor in the Penitentiary for the term of eighteen months and Meaux for two years.   Green has alone appealed.

State vs. Green.

The principal ground on which he relies for a reversal of the judgment is, that the judge *a quo* allowed the State to exercise more than six peremptory challenges. He contends that the provision in Act No. 36 of 1880, which allowed more than six peremptory challenges to the State, i. e., six for each defendant when more than one is on trial, is unconstitutional and void and contravenes Arts. 29 and 30 of the Constitution of 1879, which articles are as follows : " Art. 29. Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in the title." Art. 30. " No law shall be revived or amended by reference to its title, but in such cases the act revived or section as amended shall be re-enacted and published at length." He also contends that Act No. 36 of 1880 amends section 997 and not section 998 of the Revised Statutes of 1870 ; also, that the title of said act embraces no amendment or repeal of said section 998.

It is unnecessary to consider the arguments advanced both by counsel for the defence and the prosecution as to the effect of Act No. 36 of 1880, because the question is disposed of by Act No. 29 of 1878.

This last act was passed while the Constitution of 1868 was in force, and in that Constitution there was no inhibition against the Legislature incorporating more than one object in one bill. Art. 114 only requires that " Every law shall express its *object or objects* in its title." Act No. 24 of 1878, among other articles embraced in its title, contains the following : " And to provide that in all criminal trials, where two or more defendants are jointly on trial, each defendant shall be entitled to twelve peremptory challenges, and that the State· shall be entitled to six peremptory challenges for each twelve challenges to which such defendants may be entitled under this act, and to repeal all laws in conflict herewith."

Section 4 of that act enacts : " That in all criminal trials, where two or more defendants are jointly on trial, each defendant shall be entitled to twelve peremptory challenges, and that the State shall be entitled to six peremptory challenges for each twelve challenges to which such defendants may be entitled under this section." And Sec. 5, " That all laws and part of laws in conflict herewith, be and the same are hereby repealed, and this Act shall take effect from and after its passage."

This then repealed sections 997 and 998 of the Revised Statutes of 1870, which were clearly and expressly in conflict therewith.

The presence of the accused is not necessary in court during the filing, trial and disposition of a motion for a new trial. 32 An. 560 and authorities there cited.

The judgment appealed from is affirmed at appellant's costs.