State vs. George.

No. 150.

THE STATE OF LOUISIANA vs. WILLIAM GEORGE.

Granting continuances of criminal cases is uniformly held to rest in the sound discretion of the trial judge and his ruling will not lightly be disturbed.

A plea of insanity, the last resort of imperilled criminals, will surely not be listened to when the defendant's own witnesses disprove it.

Jurymen are not incompetent who have formed and expressed an opinion adverse to the prisoner if that opinion is based on rumour and they declare it is not fixed and will yield to evidence.

APPEAL from the Eighth District Court, Parish of East Carroll. *Deloney*, J.

*J. E. Ransdell*, District Attorney, for the State, Appellee.

Defendant and Appellant unrepresented.

The opinion of the Court was delivered by

MANNING, J.   The defendant was indicted for the murder of one Peggy Johnson and on conviction was sentenced to be hanged.   He relies for reversal upon several bills of exception and a motion for a new trial.

1. His application for a change of venue was rejected for the reason that the evidence did not sustain it.

If the motion had stood upon the testimony of the defendant's own witnesses, the ruling of the lower judge would have been amply justified.   That testimony shewed affirmatively that there was an entire absence of prejudice or feeling sufficiently strong to affect the verdict of a jury.

2. A continuance was prayed to obtain the testimony of one Stovall. The judge refused it but postponed the trial for a week and Stovall then appeared and the defendant had the benefit of his testimony.

3. A continuance was prayed again to obtain the testimony of one Gibson who lived in Mississippi.

It was manifestly a device to gain time.   The crime had been committed two years and more before the trial, during which time the defendant had been a fugitive from justice until the last six months of it when he was confined in the parish jail.   He had thus ample time to have obtained the attendance of his witness if he were obtainable. A letter was produced from him stating he should not come until just before the trial but would be there then.   From internal evidence as

well as from other circumstances this letter has the appearance of being manufactured for the occasion. The affidavit supporting the motion for continuance states that Gibson saw the killing while the affidavit for a continuance because of Stovall's absence states that the latter witness alone saw it, and therefore each contradicted the other.

It has been so often held that granting continuances rests in the sound discretion of the trial judge that the repetition of it is wearisome. State v. Finn, 31 Ann., 408; State v. Fulford, 33 Ann., 679; State v. Ford, not yet reported. The judge wisely exercised that discretion in the present instance in refusing the continuance.

4. A third motion for a continuance was made on the ground that the prisoner was insane, it being alleged that he had fits of insanity, one of them having overtaken him at the moment of the homicide and another having attacked him right there on the trial so that he was temporarily unable to make any suggestions to his counsel or to assist in his defence.

Unluckily for this last resort of imperilled criminals the doctors whom the defendant called to the stand to prove his mental wreck swore that in negro lingo he was "playing 'possom," and as soon as the motion was overruled he did in fact recover his mental equilibrium and was vigilant and ready in prompting his counsel throughout the trial.

5. Sundry bills were taken to the refusal of the court to exclude jurymen for alleged incompetence. Their answers on *voir dire* were the usual ones, i. e. that they had heard of the case in general rumour but not from the witnesses, had formed opinions adverse to the prisoner but they were not fixed and would yield to the evidence, and such like.

We have had occasion more than once latterly to say emphatically that these and even stronger expressions do not disqualify jurymen. State v. Dugay, 35 Ann., 327; State v. McGee, 36 Ann., 206; State v. Birdwell, *Idem*, 859.

A motion for a new trial embodied all these objections that are the subjects of the bills and an additional one that the majority of the jurymen were negroes and that the defendant is a negro preacher and had small chance of escape from such a thrall. But the result—an unqualified verdict that entails hanging—shews that these people may on occasion be safely entrusted to assist in the administration of criminal justice.

Judgment affirmed.