O’NIELL, J.
The defendant, appellant was convicted of the crime of grand larceny and sentenced to imprisonment in the penitentiary.
He reserved six bills of exceptions to the rulings of the district judge, but has abandoned all except two of the bills.
[1] One was reserved to the overruling of a challenge of the array, or drawing of the jury; on the ground that one of the witnesses who signed the proces verbal was absent during a part of the proceedings. The testimony .shows that no part of the drawing of the jury was done during the absence of the witness. He was absent from the room only three or four minutes and only while the jury commissioners were arranging the slips of paper bearing the names to be put into the general venire box. Pretermitting the question whether the defendant’s challenge or objection in this case came too late, we find that the facts do not sustain it.
The other bill of exceptions was reserved to the overruling' of defendant’s challenge of a juror for cause. The objection to the proposed juror was that he admitted, when examined on his voir dire, that he had a fixed opinion which could only he overcome by “a whole lot of evidence” for the accused.
[2] At the request of defendant’s counsel, as soon as the' proposed juror testified that he had formed an opinion as to the guilt or innocence of the accused, the examination of the proposed juror on his voir dire was taken down in writing by the clerk. The record is *437 annexed to the bill; and, according to Act No. 113 of 1896 (p. 162), the record so made must be taken by this court as a correct statement of facts upon which the hill of exception is based. We quote in full the record of the examination of the proposed juror, viz.:
“Q. Do I understand you to say that if you were taken as a juror on this case, and heard the same testimony that you have already heard, you would not change the opinion that you now have?
“A. I did not hear the testimony directly from the witnesses, but I heard testimony from some one who got it from a witness.
“Q. Then, if a witness were to take the stand and testify - according to the rumor that you have, heard, you would decide the case upon his testimony alone?
“A. Practically; it would take a whole lot of testimony to offset the opinion that I now have.
“Q. Tour opinion is so firm and fixed on what you have heard already that it would take considerable evidence to remove it?
“A. Tes.
“Q. From what you have already heard, is it not a fact that you are prejudiced one way or the other?
“A. It is not prejudice, but I have a fixed opinion.
“Q. Have you not an impersonal prejudice one way or the other; in other words, have you not a prejudice either for conviction or acquittal?
“A. I have my mind made up; it is bound to be one way or the other.
“Q. Have you not spoken a good .deal about this matter?
“A. I have discussed it.
“Q. In your discussion of the matter, have you not expressed an opinion as to the guilt or innocence of the accused?
“A. Tes, because I have my opinion.
“Q. Then, you have a fixed opinion. The sum and substance of your testimony is that you have a fixed opinion?
“A. Tes, it could be offset, but I have a fixed opinion.
“Q. It would take considerable evidence to offset your opinion?
“A. Tes.
“Q.- Have you discussed the case with Mr. Plauche in the bank?
“A. We might have discussed it, because we work together, ■ and practically every man in town has discussed it.
“Q. Tou discussed this ease as if it was a new thing to steal cotton?
“A. No.
“Q. Did you discuss it with Mr. Plauche in the bank?
“A. I think we talked about it, and I think we talked to you about it.”
Then the judge propounded the following questions, and obtained the following answers, viz.:
“By the Court:
“Q. Tou say you have heard a great deal of talk about the case, and from that talk that you have heard you have formed an opinion?
“A: Tes, sir.
“Q. Would that opinion yield to the evidence?
“A. It would take a whole lot.
“Q. Would your opinion yield to the evidence?
“A. Tes.
“Q. Tou feel in your own mind that you could go in the jury box and do justice between the state and the accused?
“A. Tes.
“Q. Then, you feel that you could do justice between the state and the accused?
“A. Sure, if he came with enough evidence to offset what I heard.
“Q. Do you feel in your own mind that you are disqualified for service on this jury?
“A. I would rather let somebody else serve.
“Q. Tou do not feel that you are a competent juror in this case; on your oath, you say this ?
“A. I can’t say that; but, as I said, it would take a whole lot of evidence to offset my opinion.”
[3, 4] The proposed juror, therefore, avowed-on oath that he had such a fixed opinion of the guilt of the accused that it would require “a whole lot of evidence” to convince him that the accused was not guilty. In other words, the presumption of the juror was that the accused was guilty. To hold that a man who, on his oath, persists in such declarations, is a competent juror, would be the same as to say that the examination of jurors on their voir dire is only an idle ceremony. On the contrary, no man who has formed an opinion of the guilt or innocence of the accused should be allowed to serve as a juror, unless he swears on his voir dire that he can. and will put aside Ms opinion *439 and, presuming the accused to he innocent, try the case only upon the law and the evidence. i
The ruling of the district judge in this case cannot be reconciled with the ruling of this court, on a similar statement of facts, in the case of the State v. McCoy, 109 La. 682, 33 South. 730.
[5] All that is said in support of the ruling, in the brief filed on behalf of the state, is that, when the district judge had overruled the defendant’s challenge for cause, his attorney challenged the juror peremptorily. It was said in the brief for the state that the record did' not show that the defendant used all of his peremptory challenges during the trial, but the Attorney General erased that statement from the brief as soon as his attention was called to the statement in the record that the defendant did use all of his peremptory challenges. There remains no argument in support of the ruling complained of. As was said in State v. McCoy, supra, to deprive the accused unlawfully of one of his peremptory challenges, in a case where he needs all of the challenges allowed by law, is as wrong as it would be to compel the accused to accept an incompetent juror when all peremptory challenges are gone.
The verdict and sentence appealed from are annulled, and it is ordered that this case be remanded to the district court for a new trial.