56 So.2d 846 (1952)
220 La. 489
STATE
v.
OLIPHANT.
No. 40539.
Supreme Court of Louisiana.
January 14, 1952.
*847 L. B. Ponder, Jr., Amite, and Grover L. Covington, Kentwood, for defendant-appellant.
Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Joseph A. Sims, Dist. Atty., Hammond, Duncan S. Kemp, Jr., Asst. Dist. Atty., Amite, and Joseph D. Lupo, Asst. Atty., Independence, for appellee.
MOISE, Justice.
Robert Daniel Oliphant was convicted of the murder of Mrs. Lou Allen in the Parish of Tangipahoa on February 6, 1951, and was sentenced to death by electrocution. From the conviction and sentence he has appealed.
During the course of the trial ten bills of exception were reserved, forming the basis of this appeal, two of which we find to be of sufficient merit to warrant a reversal and new trial.
Bills Two and Three were taken to the trial judge's rulings that Flavius E. Doughty and O. C. Lewis, respectively, were competent to serve as jurors (notwithstanding that on their voir dire examination each had stated that he had a fixed opinion) and the consequent compelling of defendant to peremptorily challenge them, all of his peremptory challenges thereafter being exhausted in the selection of the jury.
The statutory law is clear and the jurisprudence well settled that an opinion as to guilt or innocence of the accused, which is not fixed, or has not been deliberately formed, or that would yield to evidence, or that could be changed, does not disqualify a juror. LSA-R.S. 15:351, Art. 351, Code of Criminal Law & Procedure. State v. Dugay, 35 La.Ann. 327, 328; State v. McGee, 36 La.Ann. 206, 207; and State v. George, 37 La.Ann. 786. The determination of a juror's competency is to be made from his entire examination, not from isolated answers. State v. Ford, 42 La.Ann. 255, 7 So. 696; State v. LeDuff, 46 La.Ann. 546, 15 So. 397; State v. Rodriguez, 115 La. 1004, 40 So. 438; State v. Owen, 126 La. 646, 52 So. 860; State v. Carriere, 141 La. 136, 74 So. 792; State v. Briggs, 142 La. 785, 77 So. 599; State v. Henry, 200 La. 875, 9 So.2d 215. However, in ruling on a juror's competency, the judge is not bound by his answers, that he has or has not formed an opinion, when such answer is opposed and inconsistent with facts and circumstances disclosed by the examination, or otherwise legally known to the Judge. State v. Barnes, 34 La.Ann. 395.
In the instant case, the circumstances surrounding the commission of the crime with which the accused was charged were particularly heinous. Taken as a whole, the answers elicited from these two prospective jurors on their voir dire, and transcribed in connection with Bills Nos. Two and Three, give rise to grave doubt either of their ability to overcome their own preconceived opinions or of their appreciation of the accused's fundamental right to the presumption of innocence at every stage of the trial. We quote in toto the testimony adduced on the examinations of prospective jurors Doughty and Lewis:-
"By Mr. Sims [District Attorney]:
"Q. Mr. Doughty, from what you have heard or read about this case, have you *848 formed an opinion in the case? A. I think I have.
"Q. Is that opinion of such a nature that it would not yield to the evidence you would hear from the witness stand? A. I think it could.
"By Mr. Ponder [Defense Counsel]:
"Q. You say you have a fixed opinion in this case at this time? A. Yes.
"Q. What is that opinion? A. From what I have heard, it is guilty.
"Q. From what you have heard discussed, it would not do the defendant any good? A. No.
"By Mr. Sims:
"Q. Could you disregard what you have heard and come in this case with an open mind and decide the case as you hear the law as given you by the Judge and the facts from the witnesses placed on the stand? A. Yes.
"By Mr. Ponder:
"Q. You said, Mr. Doughty, that you have a fixed opinion in this case? A. Yes.
"Q. And that fixed opinion is an opinion of guilty at this time? A. Yes.
"Q. And you are going in the Jury Box with that opinion of guilty? A. It is according to the evidence I hear.
"Q. It will take some evidence to change it? A. It will take evidence to do it.
"Q. And if you don't hear the type of evidence you think would rebut it, you will keep that opinion? A. Yes, I will have that opinion.
"By Mr. Ponder to the Court:
"I think we should be able to get a juror that don't have a fixed opinion and I submit him for cause.
"By the Court:
"I did not understand him correctly that he had a fixed opinion. I understood him to say that if he was accepted he could disregard any opinion that he has at this time and decide this case solely on the evidence heard on the witness stand and the law as given him. Is that correct, Mr. Doughty? A. Yes, that is correct.
"Q. Then your opinion is not fixed? A. Yes, at the time it will take the evidence to change it?
"Q. You have an opinion but it is not such that could not be changed? A. I guess you would put it that way.
"Q. The only question is whether or not you could sit on this jury and try this case on the evidence you hear from the witnesses placed on the stand and the law as given you and disregard anything you might have heard before? You are the only one that can answer that question. A. The evidence is what will change my opinion.
"Q. Can you disregard anything you have heard in the past and come into this case with a free and open mind? A. Yes.
"Q. If you are taken as a juror, will you do that? A. Yes.
"Q. You will disregard everything else? A. Yes.
"By Mr. Covington [Defense Counsel]:
"Q. You have said that you have a fixed opinion, but it is subject to change according to the evidence and your opinion is one of guilt. In that event, it will be up to the defense counsel to change your opinion? A. Yes.
"Q. The defense counsel will have to disprove your belief of guilt? A. Yes.
"Q. Following that same line of reasoning then, you will put upon the counsel for the defendant the burden of proving the innocence of the defendant, is that correct? A. Yes.
"By the Court:
"Q. Suppose the Court instructed you to the contrary which is the law that in all criminal cases, the defendant is presumed to be innocent until proved differently by the State, would you require that the State prove him guilty? A. They have to prove him guilty before I can find him guilty.
"Q. You won't require the defendant to prove any thing, but you would require the State to put on sufficient evidence to prove him guilty? A. Yes.
"Q. And after you heard all the evidence, you found the accused guilty, you *849 would bring in a verdict of guilty as charged? A. Yes.
"Q. On the other hand, if you were not satisfied beyond a reasonable doubt as to his guilt or innocence, after hearing the evidence and the law as given you, would you give him the benefit of that doubt and acquit him? A. Yes.
"Q. Then you take the position that the burden of proof is on the State to prove his guilt beyond a reasonable doubt? A. Yes.
"Q. And they do not have to prove his innocence? A. The State would have to prove him guilty.
"The Court will rule the Juror competent.
"By Mr. Ponder: We object to the ruling of the Court and ask that the questions, answer and the Court's ruling be made a part of this formal bill.
"By Mr. Sims: We would like for the record to show that the defendant has ten peremptory challenges left at this time.
"By Mr. Sims: The State will accept the Juror.
"By Mr. Ponder: The defendant will exercise a peremptory challenge."

* * * * * *
"Mr. O. C. Lewis, being sworn on his voir dire, testing his qualifications to serve as a Juror, testified as follows:

Examination.
"By Mr. Sims:
"Q. Mr. Lewis, do you have a fixed opinion in this case? A. I have formed an opinion.
"Q. Is it subject to change? A. I would not say it is a fixed opinion, but from what I have heard, it is my opinion.
"Q. Could you cast that opinion aside and try this case with a free and open mind? A. If the evidence is so fixed, I think I would cast that opinion aside.
"Q. Under the law the defendant is presumed to be innocent until proven guilty beyond a reasonable doubt by the State. Can you cast aside anything you might have heard and presume him to be innocent? A. Yes.
"By Mr. Covington:
"Q. You say you had a fixed opinion in this case but that the opinion could be overcome? A. Yes.
"Q. In could be changed? A. Yes.
"Q. In order for you to change your opinion, would it be necessary for the defendant to introduce evidence to change your opinion? A. Sure it would, yes.
"By the court:
"Q. Are you familiar with the law of the State of Louisiana with respect to the presumption of innocence on the part of the defendant, that the defendant is presumed to be innocent until he is proven guilty beyond a reasonable doubt? A. I think I am familiar with that.
"Q. You also said you had an opinion from what you have read and heard? A. Yes.
"Q. Could you, if you are empaneled as a Juror in this case, entirely disregard that opinion and decide the case on the evidence as given on the witness stand? A. Yes.
"Q. Then, this is not a fixed opinion? A. No, but I have formed an opinion.
"Q. But it could be changed? A. Yes, if the Court proved beyond a reasonable doubt that the man is innocent but he would have to do that.
"Q. There is also a law that the defendant does not have to offer any evidence and that he does not have to take the witness stand and you will be instructed that you should not use that against him, would you take that as the law and consider it along with the law and the evidence in this case? A. Yes.
"Q. Being the law that the burden of proof is on the State, you would require the State to prove to your satisfaction and beyond a reasonable doubt that he is guilty? A. Yes.
"Q. And after hearing all the evidence in the case, you are not satisfied beyond a reasonable doubt, would you give him the benefit of that doubt and acquit him? A. Yes.
*850 "Q. Then in that event, do you know why you could not make the accused and the State a fair juror? A. No.
"Q. Would you say the defendant would have to offer evidence to prove his innocence? A. Yes, the Court would have to prove his guilt.
"Q. You man the State witnesses? A. Yes.
"Q. If the evidence offered by the State is sufficient in your mind to convict him, you would convict him? A. Yes.
"Q. You don't require him to prove his innocence? A. The State is trying him.
"Q. You would require the State to prove him guilty? A. Yes, beyond a reasonable doubt.
"Q. And you would not require him to prove his innocence? A. No.
"By Mr. Ponder:
"Q. Mr. Lewis, would that opinion even though it is not a fixed opinion, if I recall your testimony, you said that it would be necessary for the defendant to offer some evidence to change that opinion, that you have now? A. The Stateit would be necessary for the State to produce the evidence. The Judge just said the man does not have to go on the stand.
"Q. It would be necessary for the State to produce evidence to change your opinion? A. Yes, beyond a reasonable doubt.
"Q. The point I am getting at, Mr. Lewis, would you or would you not require the defendant to produce some evidence to establish his guilt or innocence to change that opinion that you now have? When you were first examined, you said you had an opinion but that you thought the evidence could change that opinion? A. Yes.
"Q. You also testified that you thought it necessary for the defendant to produce some evidence to change that opinion? A. The State. The Judges says the man don't have to testify.
"Q. Then, it was the State that you had reference to that would have to produce evidence to change your opinion? A. Yes.
"By Mr. Sims: The State will accept Mr. Lewis.
"By Mr. Ponder: We wish to challenge him for cause and ask the Court to rule upon him.
"By the Court: If I understood the prospective juror correctly, he said he had an opinion but that he could disregard that opinion and try the case solely on the evidence that he hears from the witness stand and the law as given him. Is that correct Mr. Lewis? A. Yes.
"Q. You have no prejudice for or against the accused? A. None whatever.
"Q. And if you are accepted as a Juror in this case, you can disregard the opinion and try the issues in this case solely on the testimony of the witnesses placed on the stand and the law as given you? A. Yes.
"Q. And if taken as a Juror, will you do that and disregard everything else? A. Yes.
"By the Court: The Court will rule the Juror competent.
"By Mr. Ponder: Counsel for the defendant wishes to object and to reserve a formal bill of exception and ask that the questions, answers and the objection and Court's ruling be made a part of it.
"By Mr. Ponder: The defendant challenges Mr. Lewis."
We think that the challenge for cause of each of these prospective jurors should have been sustained, and that there was error in overruling them. It is true that they reversed themselves on being examined by the Court, but when taken over by defense counsel, each evinced the same predisposition of mind; and there is therefore no doubt that these prospective jurors were properly challenged for cause, as being unable either to afford defendant the presumption of innocence mandatory in the law, or, having been accepted, to have gone into the jury box and permitted the presumption of innocence to follow accused all during the trial. The circumstances may be such that no matter how strongly the juror asserts that he could render a fair verdict, he ought not to be accepted as *851 a juror. State v. Barnes, 34 La.Ann. 395. "Taking the whole of the examination of this witness together, the most that can be made of it is that he had formed and expressed an opinion that it would have required strong evidence to overcome; that his mind was not in a condition to be influenced solely by the evidence to have been submitted on the trial, and that it would have been influenced to a great extent by the opinion formed already; but that, nevertheless, he could have gone into the jury box and, as we take it, if the evidence proved strong enough to overcome it, have disregarded that opinion, and have decided the case upon such evidence. We do not consider that he would have made a good juror, and are of opinion that the challenge for cause should have been sustained." State v. McCoy, 109 La. 682, 692, 33 So. 730, 734.
See also, State v. Guillory, 146 La. 434, 83 So. 754.
The record shows that the defendant used all twelve of the peremptory challenges granted him by law, Art. 354, Code of Criminal Procedure, LSA-R.S. 15:354. Moreover, he was forced to accept the juror Cutrer, whom he had challenged for cause, but whom the trial judge ruled competent:-
"By Mr. Sims: The State will accept the juror.
"By Mr. Ponder: For the purpose of the record showing that we have exercised our challenges; we now offer to exercise a peremptory challenge on Mr. Cutrer.
"By the Court: The Court having heard the prospective juror answer all questions testing his qualifications and believing from such answers that he has qualified himself as a competent juror, the Court will overrule the defense's right to challenge the juror, the defense having exercised twelve peremptory challenges.
"By Mr. Ponder: We would like the record to show our note of exception to the Court's ruling."
In the recent (1941, 1942) case of State v. Breedlove, 199 La. 965, 7 So.2d 221, the question of peremptory challenges was exhaustively discussed. The decision there was predicated on the fact that defendant acceptedvoluntarily and without any complaint or objection all jurors tendered subsequent to the exhaustion of his peremptory challenges. Otherwise, this court affirmed its adherence to the jurisprudence that where a defendant is compelled, by the erroneous overruling of his challenge for cause, to exercise one of his peremptory challenges, then the defendant has been deprived of a constitutional right. The rationale of this doctrine was expressed in State v. Fourchy, 51 La.Ann. 228, 247, 248, 25 So. 109, 117, as follows:"Courts of justice have no right to refuse or to make unavailable rights or privileges conferred upon parties by the legislature. They can no more do this by erroneous action than by direct arbitrary action. The right of peremptory challenge was conferred for the express purpose of enabling parties accused of crime to reject from the jury persons whom they had reason to distrust for secret, undisclosed grounds, not sufficient to be made available as causes for legal challenge. Prisoners are not called on to state why or wherefore they reject, nor are they called on to incur the ill will of jurors, when powerless to challenge them peremptorily, by disclosing to the court that any particular juror or jurors actually serving on the jury was `obnoxious' to them. The jury sitting upon the trial may be `legal' jurors by the application of legal tests, and yet very obnoxious jurors for secret and undisclosed reasons. Accused are entitled to twelve peremptory challenges, to be freely exercised, without compulsion in any case from the court. The court cannot, by an erroneous ruling, force the exercise of a peremptory challenge, when the accused is entitled, on legal grounds, to a rejection of the particular juror objected to. If, in the formation of the jury, the prisoner has exhausted the twelve challenges, but one has been used substantially under legal duress, he is, in law, to be held as having really been given the privileges of only eleven peremptory challenges, and his statutory right has been invaded."
To the same effect, see State v. McCoy, supra; State v. Guillory, supra, and State *852 v. Henry, 197 La. 999, 3 So.2d 104. Articles 353 and 557 of the Code of Criminal Procedure, LSA-R.S. 15:353, 15:557, are merely restatements of an established rule.
Article 1, Section 10, Constitution of 1921, guarantees to an accused the right to peremptorily challenge jurors, "the number of challenges to be fixed by law." Article 354 of the Code of Criminal Procedure, LSA-R.S. 15:354 fixes the number at twelve in a prosecution for a crime for which the penalty is death or necessarily imprisonment at hard labor. When an accused, by an erroneous ruling of the trial judge, is deprived of one of his twelve peremptory challenges, as shown in this case, that ruling of the judge constitutes a real and substantial violation of the defendant's constitutional or statutory rights. Under Article 557 of the Code of Criminal Procedure, LSA-R.S. 15:557 such violation is ground for granting a new trial.
Since we hold that accused is entitled to a new trial on Bills of Exception Nos. 2 and 3, there is no need to discuss any of the other bills reserved herein.
For the reasons assigned, the verdict and the sentence are annulled, and it is ordered that this case be remanded for a new trial.
PONDER, J., recused.