150 So.2d 1

STATE of Louisiana

v.

Carroll SEVIN, Edgar Lawrence, Jackie
Deese and Ernest Bergeron.

No. 46169.

Feb. 18, 1963.

Kilbourne, Dart & Jackson, St. Francis-
ville, William F. Kline, Jr., R. G. Van
Buskirk, Clinton, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., M. E.
Culligan, Asst. Atty. Gen., Richard Kil-
bourne, Dist. Atty., for appellee.

SUMMERS, Justice.

Carroll Sevin, Jackie Deese, Edgar Lawrence and Ernest Bergeron, all convicts at the Louisiana State Penitentiary, were jointly indicted by the Grand Jury of West Feliciana Parish for the October 27, 1961, murder of Jerry Loper, another convict. While the jury was being selected the district attorney entered a nolle prosequi as to Sevin. The other three defendants were tried, convicted of the lesser included offense of manslaughter, and sentenced. They have appealed from the conviction and sentence assigning, among other specifications of error in the conduct of the proceeding in the trial court, the following:

THE DISTRICT COURT ERRED IN DENYING EACH OF THE DEFENDANTS THE RIGHT TO EXERCISE TWELVE PEREMPTORY CHALLENGES.

This contention is based upon bills of exceptions which present the following facts and issues relied upon to support the contention that error occurred a quo. When examination of the prospective jurors commenced, the appellants and their codefendant, Carroll Sevin, were represented by court appointed counsel. On the second day, during voir dire examination of the prospective jurors, defendant Deese retained counsel of his choice and, with the court's permission, Deese's counsel was recognized and court appointed counsel

were permitted to withdraw from their appointment insofar as Deese was concerned. The examination of the prospective jurors continued. According to the trial judge's per curiam, until the defense had exercised thirty-six peremptory challenges no effort was made by the defense to allocate or designate the peremptory challenges that had been exercised on behalf of the defense. Rather, the per curiam sets forth that the challenges were made jointly. At that time the district attorney entered a nolle prosequi as to the codefendant, Sevin. As a result of this action, at the time the thirty-seventh challenge was sought to be exercised, there were three prisoners on trial and, because thirty-six peremptory challenges had been exercised, the court, upon objection by the district attorney, denied any further peremptory challenge. Nevertheless, upon motion of counsel for Deese, the trial court, according to the per curiam "in an abundance of caution" granted two additional peremptory challenges to Deese. Thereafter appellants having exhausted their peremptory challenges sought to challenge a prospective juror for cause, which was denied, and because of the court's refusal to permit further peremptory challenges they assert they were obliged to accept an obnoxious juror.

These facts present this question: Where multiple defendants have jointly exercised peremptory challenges without designating who was exercising the challenge, can the

State, by entry of a nolle prosequi as to one of the defendants, charge all of the peremptory challenges theretofore used to the remaining defendants, thereby exhausting the peremptory challenges to which the remaining defendants are entitled by law? (LSA–R.S. 15:354)

The State's contention is that the nolle prosequi is not an acquittal. It is asserted that the nolle prosequi partakes of the nature of a nonsuit or discontinuance as in a civil case, and leaves the matter in the same condition in which it was before the commencement of the prosecution. The argument proceeds from this proposition that when the nolle prosequi was entered the matter assumed the same status it would have had if Carroll Sevin had not been indicted in the first place. The conclusion, then, according to the State's contention, is that when the State chose to abandon the prosecution as to Sevin, the other three defendants were left in exactly the same position they would have occupied had Sevin never been indicted. That is to say, the remaining three defendants were each entitled to twelve peremptory challenges, a total of thirty-six, and thirty-six peremptory challenges had been exercised.[1] Consequently they had consumed the peremptory challenges to which they were entitled by law.

The argument is not acceptable. The nolle prosequi does have the effect for which the State's attorney contends insofar as the accused whose charge has been nolle prosequi is concerned. That party's position resumes the status it occupied before indictment. However, such a nolle prosequi cannot have the effect of altering the facts existing at the time it is invoked insofar as the other codefendants are concerned.

▬▬ The right of an accused to peremptory challenges of prospective jurors who are to try him is guaranteed by the constitution of our State. LSA–Const. art. 1, § 10. By that constitutional provision, the number of peremptory challenges is to be fixed by law. The express language of LSA–R.S. 15:354 provides that in a murder prosecution "each defendant shall be entitled to challenge peremptorily twelve jurors." This court recognizes that an erroneous ruling of the court which deprives a defendant of one of his peremptory challenges is a substantial violation of his constitutional right to a fair trial and requires reversal. LSA–R.S. 15:557; State v. Oliphant, 220 La. 489, 56 So.2d 846 (1952). This appears to be the prevailing rule elsewhere. 5 Wharton's Criminal Law and Procedure § 1991.

1. The State's attorney notes, without asserting formal complaint on account thereof, that if any error was committed by the trial court under the circumstances, that error consisted in favoring the defendant Deese with two additional peremptory challenges to which he was not entitled.

Article 354 of the Code of Criminal Procedure, LSA–R.S. 15:354, means that each defendant, though jointly tried, is entitled to challenge twelve jurors. State v. Gauthreaux, 134 La. 690, 64 So. 680 (1914); State v. Caron, 118 La. 349, 42 So. 960 (1907); State v. Waggoner, 39 La.Ann. 919, 3 So. 119 (1887); State v. Green, 33 La.Ann. 1408 (1881); State v. McLean, 21 La.Ann. 546 (1869); State v. Cazeau, 8 La.Ann. 109 (1853). See also 1 Marr's Criminal Jurisprudence § 460 (2d ed. 1923); The American Law Institute, Code of Criminal Procedure, § 283; 136 A. L.R. 444.

So well established and protected is the right to peremptory challenges by our constitution and laws, it cannot be denied unless the accused voluntarily chooses not to avail himself thereof. It has been called an absolute right. Stone v. U. S., 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127.

Therefore, at the outset, when the voir dire examination of the prospective jurors commenced, each of the four codefendants was entitled to twelve peremptory challenges, a total of forty-eight. Thirty-six challenges were exercised without designating in whose name they were exercised. As a matter of fact, according to the per curiam of the trial judge, they were made jointly. A distribution of these joint challenges among the four codefendants, in the absence of specific designation, requires that they be equally allocated among the codefendants who jointly exercised the challenges. This being so when Sevin was removed from the prosecution by the nolle prosequi, in effect, it may be said that he took with him his allotment of challenges which was one-fourth of thirty-six, or nine. Thus, three defendants were left subject to the prosecution, each bearing his allotted portion of the remaining challenges which had been exercised, that is, a total of twenty-seven or nine each. At this time they were jointly entitled to an additional nine, or separately they were each entitled to three additional peremptory challenges.

Under these circumstances the refusal of the trial court to permit any additional peremptory challenges to Lawrence and Bergeron, two of the codefendants against whom the prosecution continued, and restricting the third codefendant, Deese, to two additional challenges, or a total of eleven, denied each of these three defendants, the appellants herein, the full twelve peremptory challenges to which each was entitled. Hence each was deprived of a substantial right entitling them to have the judgment of conviction and sentence annulled, reversed and set aside and a new trial granted.[2] It is so ordered.

2. Carroll v. State, 139 Fla. 233, 190 So. 437 (1939).