866 So.2d 1029 (2004)
STATE of Louisiana
v.
Leonard BOZEMAN.
No. 03-KA-897.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 2004.
*1030 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Donald A. Rowan, Jr., Vincent Paciera, Jr., Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Defendant, Leonard Bozeman, was charged in a Bill of Information with two counts of armed robbery in violation of LSA-R.S. 14:64. He proceeded to trial on count two, was found guilty as charged by *1031 a twelve-person jury, and was sentenced to seventy-five years of imprisonment. Defendant then withdrew his not guilty plea to the first count and entered a plea of no contest under Alford[1] reserving his right to appeal under Crosby.[2]
Defendant appeals his conviction and sentence on count two only. For the reasons that follow, we vacate the conviction and sentence and remand for a new trial.
FACTS:
At approximately 11:00 p.m. on August 10, 2002, Samantha Lore was working at an E-Z Serve on Metairie Road when a man, later identified as defendant, Leonard Bozeman, came to the counter with two small bottles of Gatorade. After Ms. Lore rang up the drinks, Leonard Bozeman pointed a gun at her and said, "put the money in the bag, b* * * *." Ms. Lore testified that Leonard Bozeman specifically demanded twenty-dollar bills, but Ms. Lore stated that she did not have any so she proceeded to give him five-dollar bills. She explained that he made her lift the cash register drawer to make sure there were no twenty-dollar bills under it. He then took all the loose change from the drawer, counting it as he took it.
Leonard Bozeman started to move toward the door, but turned back and demanded Kool cigarette cartons. Ms. Lore testified that there were no cartons so she gave him all the loose packs she could find. Leonard Bozeman left the store taking the money, cigarettes, and several pairs of sunglasses.
Ms. Lore testified that she immediately called the police and her manager. She explained that when the police arrived, she gave the officer a description of the perpetrator. About a week later, the police came to her home and showed her a photographic lineup. She testified that she identified Leonard Bozeman out of the photographic lineup as the person who robbed her because "it was definitely him." Ms. Lore again positively identified Leonard Bozeman in court as the perpetrator three separate times during her testimony.
ASSIGNMENTS OF ERROR AND DISCUSSION:
On appeal, defendant raises three Assignments of Error. Because we find a reversible error occurred during voir dire, a discussion of the other Assignments of Error is moot.
Defendant argues the trial court erred in denying three of his challenges for cause during voir dire. He asserts prospective jurors James Hale, Jules Lacoste, and Ronald Boyd all expressed difficulty with the presumption of innocence. He also contends James Hale and Ronald Boyd had difficulty with his right against self incrimination. He concludes that none of these prospective jurors were rehabilitated.
LSA-C.Cr.P. art. 797 provides that a defendant may challenge a juror for cause on the following pertinent grounds:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence; [or]
. . . .
(4) The juror will not accept the law as given to him by the court[.]
*1032 A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied. However, when a prospective juror has voiced an opinion seemingly prejudicial to the defense, but after further inquiry (frequently called "rehabilitation"), the juror demonstrates the ability and willingness to decide the case impartially according to the law and evidence, a challenge for cause is not warranted. State v. Anthony, 98-0406 (La.4/11/00), 776 So.2d 376, 391, cert. denied, 531 U.S. 934, 121 S.Ct. 320, 148 L.Ed.2d 258 (2000).
The trial court is vested with broad discretion in ruling on challenges for cause and its ruling will only be reversed when a review of the voir dire record as a whole reveals an abuse of discretion. State v. Anthony, supra. The trial court has great discretion in ruling on cause challenges because it "has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning." Id. at 392.
Prejudice is presumed when a challenge for cause is erroneously denied by the trial court and the defendant has exhausted his peremptory challenges. State v. Anthony, supra. To prove there has been error warranting a reversal of conviction and sentence, the defendant need only show (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. State v. Robertson, 92-2660 (La.1/14/94), 630 So.2d 1278, 1281. In the present case, Leonard Bozeman exhausted his peremptory challenges and, therefore, he only needs to show that the trial court abused its discretion by denying his challenges for cause.
A prospective juror's preconceived opinion as to the defendant's guilt does not mandate a removal for cause if the potential juror expresses an ability to disregard that opinion and render a verdict according to the law and evidence. State v. Cousan, 94-2503 (La.11/25/96), 684 So.2d 382, 389. In Cousan, the Louisiana Supreme Court found no error in the trial court's denial of a challenge for cause for a prospective juror who stated he had a preconceived opinion as to the defendant's guilt. However, the juror indicated he could set aside his opinion and follow the law, which the Supreme Court noted was supported by the overall tenor of the juror's voir dire responses.
Although defendant argues the trial judge erred in denying his challenge for cause as to three prospective jurors, we will only discuss prospective juror, Jules Lacoste, because the trial judge committed reversible error in denying the challenge for cause with respect to Jules Lacoste.
Mr. Lacoste was a member of the second jury venire. During voir dire, the prosecutor explained the presumption of innocence and the defendant's right against self-incrimination and all jurors collectively stated they could follow the law. When Mr. Lacoste was first asked about applying the presumption of innocence by defense counsel, he indicated that whether he could apply the presumption of innocence depended on other issues that might come up during the trial. He stated "if prior convictions or prior arrests, et cetera, that would make it very difficult for me." Defense counsel then questioned him asking whether if sitting right now would he have difficulty presuming the defendant innocent, to which Mr. Lacoste responded "No, I'm very neutral at the moment." When defense counsel told him he could not be neutral, but had to presume *1033 defendant innocent, Mr. Lacoste stated he probably could not do that. Later, Mr. Lacoste was asked if he could be a fair and impartial juror and he replied affirmatively.
The trial court denied defense counsel's challenge for cause regarding Mr. Lacoste and defense counsel used a peremptory strike to exclude Mr. Lacoste from the jury.
The State relies on Mr. Lacoste's affirmative responses to the group questions and his individual assertions that he could be fair and neutral as justification for the denial of the challenge for cause. However, a prospective juror's declaration of fairness and neutrality does not assure an understanding of the constitutional principle of the presumption of innocence. When the prospective juror clearly asserts that he could not or probably would not apply the presumption of innocence that juror should be struck for cause unless rehabilitated. The failure of the trial judge to grant such a challenge is reversible error. In State v. Oliphant, 220 La. 489, 56 So.2d 846 (1952), the Louisiana Supreme Court held that when a prospective juror was not able to afford the defendant the presumption of innocence mandated in the law, the trial court erred in refusing to sustain defendant's challenge for cause as to that prospective juror. The Oliphant court held "no matter how strongly the juror asserts that he could render a fair verdict," where the juror was unable either to afford the defendant the presumption of innocence mandated in the law or where the prospective juror would not permit the presumption of innocence to follow the accused all during the trial, there exists a valid challenge for cause. Oliphant at 850.
In considering the challenge for cause in this case the trial judge indicated that he believed that Mr. Lacoste only had a problem with the presumption of innocence if the juror knew the defendant had prior convictions. The trial judge in denying the challenge noted in the record that prior convictions "shouldn't come out." Whether or not the defendant has or does not have prior convictions does not affect his constitutional right to the presumption of innocence.
The Supreme Court has stated "it is an important part of voir dire examination to discover any prospective juror who may have difficulty understanding his right (the presumption of innocence) as well as to discover a juror who may hold it against a defendant who exercises the right." State v. Cross, 93-1189 (La.6/30/95), 658 So.2d at 687; State v. Lee, 559 So.2d 1310, 1316 (La.1990); cited in State v. Turner, 96-845 (La.App. 3 Cir. 3/5/97) 692 So.2d 612. As stated by our Supreme Court in State v. Hallal, 557 So.2d 1388 (La.1990), a challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial when the juror's response as a whole reveals facts from which biased, prejudice, or inability to render judgment according to the law may be reasonably implied.
The Louisiana Supreme Court recently addressed challenges for cause in State v. Kang, 2002-2812, (La.10/21/03), 859 So.2d 649, instructing the appellate court to show deference to the trial court's conclusions in ruling on a challenge for cause. We find the instant case to be distinguishable from Kang. In Kang the trial judge rehabilitated the challenged juror and based on the rehabilitative questions and answers, concluded that the juror could be fair and impartial. In the instant case, when Mr. Lacoste was asked if he was going to be able to apply the presumption of innocence, he responded, "probably not". There was no rehabilitation by the prosecutor or the trial judge. We find that the *1034 denial of the challenge for cause as to Mr. Lacoste was reversible error, hence the defendant's conviction and sentence should be vacated and the matter remanded for a new trial.
CONCLUSION:
For the foregoing reasons, the defendant's conviction and sentence are vacated. This matter is remanded to the trial court for a new trial.
CONVICTION AND SENTENCE VACATED; MATTER REMANDED.
ROTHSCHILD, J., dissents.
ROTHSCHILD, J., dissents.
I must respectfully dissent from the majority opinion insofar as it finds reversible error in the trial court's denial of defendant's challenge for cause of juror Jules Lacoste.
La.C.Cr.P. art. 797(2) authorizes a challenge for cause where the juror is not impartial. This section further states that the juror's opinion or impression as to the guilt or innocence of defendant shall not be a sufficient ground for the challenge, if the court is satisfied that the juror "can render an impartial verdict according to the law and evidence." La. C.Cr.P. art. 797(4) allows a challenge where the juror will not accept the law given to him by the trial court. As stated in the majority opinion, the trial court is vested with broad discretion in ruling on challenges for cause and its ruling will only be reversed when a review of the voir dire record as a whole reveals an abuse of discretion. State v. Anthony, 98-0406 (La.4/11/00), 776 So.2d 376, 391.
My review of the voir dire record as a whole in the present case supports the trial court's ruling denying defendant's challenge for cause of the juror Jules Lacoste. The record indicates that at the outset of voir dire, Mr. Lacoste gave an affirmative response when asked whether he could follow the law on the presumption of innocence. Although Mr. Lacoste subsequently expressed a problem with presuming someone innocent when there was evidence of a prior conviction, he specifically stated he did not have a problem presuming defendant Leonard Bozeman innocent, and further answered that he was neutral. When defense counsel told him that neutrality was insufficient, and that he would have to look at the juror and say he was innocent, the juror responded he would "probably not" be able to do that. However, defense counsel later asked whether the juror could be fair and impartial, and Mr. Lacoste responded in the affirmative.
Under the circumstances presented here, I fail to find the trial court abused its discretion in refusing to excuse Mr. Lacoste for cause. Mr. Lacoste stated he could be a fair and impartial juror. A reading of the voir dire transcript as a whole indicates that Mr. Lacoste would apply the law as given to him. The juror's response of "probably not" which is relied upon by the majority in finding reversible error appears from a reading of the entire transcript to be the result of confusion in the question posed by defense counsel. However, at no time during the voir dire exchange did Mr. Lacoste indicate that he could not or would not apply the presumption of innocence, although he admitted it would be difficult. This case is therefore distinguishable from the case of State v. Turner, 96-845 (La.App. 3 Cir. 3/5/97), 692 So.2d 612 cited by the majority wherein the juror stated she believed the defendant should put on evidence of his innocence.
Further, Mr. Lacoste's overall responses during jury voir dire, including those given as a group response, indicated he could be fair and impartial and apply the law. The cases cited by the majority opinion which *1035 indicate a lack of partiality on the part of the prospective juror are distinguishable from the present case where the juror clearly indicated he could be fair and impartial.
For the reasons stated herein, I fail to find the trial court abused its discretion in denying defense counsel's challenge for cause of juror Jules Lacoste. Accordingly, I believe defendant's conviction and sentence should be affirmed.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] State v. Crosby, 338 So.2d 584 (La.1976).