JjTHIBODEAUX, Judge.
The defendant, Charles Burton, a/k/a Charles Toussaint, appeals his conviction and sentence for attempted forcible rape, La.R.S. 14:27 and 14:42.1, and second degree kidnapping, La.R.S. 14:44.1(A)(3) and 14:44.1(B)(3). He was sentenced concurrently to twenty years at hard labor, “at least ten of which” without probation, parole, or suspension of sentence on the kidnapping charge and fourteen years at hard labor, of which seven are without probation, parole or suspension of sentence, on the attempted forcible rape charge.
hHe appeals on the basis of insufficiency of evidence, double jeopardy, and excessiveness of sentence.
We affirm his conviction and sentence on the second degree kidnapping charge, reverse and vacate his attempted forcible rape conviction and sentence on double jeopardy grounds, and remand for resentencing because of procedural and substantive irregularities.

FACTS

The families of defendant and the sixteen-year-old victim, Tennille Brown, are next-door neighbors. On March 21, 1993, Ms.' Brown, age sixteen, went twice to the Burton/Toussaint home to use the telephone. The first phone call occurred without incident, and Ms. Brown returned home.
Later in the day, Ms. Brown entered the Burton/Toussaint home (there are family members with different surnames in the home) to place the second call. Both defense and state witnesses gave unclear testimony as to subsequent events, partly because each side used a child witness for corroboration.
When Ms. Brown entered the Burton/Toussaint home for the second time, defendant made a comment about her physical appearance which caused Ms. Brown to laugh or smile. She then sat down on a couch to use the phone. Defendant stood in front of her.
When Ms. Brown stood to leave, defendant blocked her path through the door. Defendant’s fifteen-year-old sister pointed to another door, but Ms. Brown walked back to the couch. Defendant then picked her up and took her into a bedroom in the house, closing the door behind them, locking it. At this point, defendant’s younger sister went to the Brown home to notify the victim’s mother.
_Jj¡As to events within the bedroom, the only evidence adduced at trial was the testimony of the victim and the defendant. Ms. Brown testified that defendant pushed up her shirt and bra and pulled her shorts and panties down to her ankles. Defendant then fondled her breasts and vagina.
At the point when defendant stood to remove his pants, Ms. Brown pulled up her shorts and panties and tried to leave, but defendant barred her way, forced her back down on the bed and again disrobed her and fondled her. He then forced her legs apart and tried to have intercourse, although his penis remained limp. At some point, defendant inserted his finger into Ms. Brown’s vagina.
The younger sister of either the victim or of the defendant called for them to come out, *697 but defendant put his hand over the victim’s mouth so she could not reply. One or both of the young girls then knocked on the bedroom door, and Ms. Brown pushed defendant off of her and ran home crying. Ms. Brown testified that the incident took 45 minutes to an hour, while other testimony indicated a shorter time frame of four to five minutes.

ASSIGNMENT OF ERROR NO. 1

Defendant alleges that the jury erred in finding the defendant guilty of second degree kidnapping, as the evidence was insufficient to sustain a guilty verdict.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
As to the charge of second degree kidnapping, La.R.S. 14:44.1(A) and (B) provide:
A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
(1) Used as a shield or hostage;
(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;
(3) Physically injured or sexually abused;
(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5); or
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
B. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
The defendant was charged under (A)(3) and (B)(3).
The testimony is clear that the defendant picked up and carried the victim into a bedroom and was alone there with her, behind a locked door. The victim testified that defendant disrobed her and fondled her breasts and vagina; defendant also exposed his penis. When the victim tried to pull on her clothes and leave, defendant pushed her back onto the bed, covered her mouth to prevent her from calling out to anyone, then disrobed and fondled her again. He stuck his finger into her vagina and attempted to force himself between her legs, although his penis was limp.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of the credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3d Cir.1987), writ denied, 507 So.2d 226 (La.1987).
A fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, at 319, 99 S.Ct. 2781, at 2789, 61 *698 L.Ed.2d 560, at 573-574 (1979). Where a rational trier of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mussall, 523 So.2d 1305, at 1310 (La.1978).
We find that the jury’s verdict on the second degree kidnapping conviction was correct.

ASSIGNMENT OF ERROR NO. 2

I&A. more troublesome' issue is the double jeopardy argument advanced by the defendant. His convictions for both charges of attempted forcible rape and second degree kidnapping constitute double jeopardy, he alleges. We agree.
La.Code Crim.P. art. 591 provides:
No person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.
La.Code Crim.P. art. 596 states:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
In determining whether the double jeopardy clause bars a subsequent prosecution, the Louisiana Supreme Court has utilized both the “Blockburger” test and the “same evidence” test. The “same evidence” test depends upon the proof required to convict, not the evidence actually introduced at trial. Thus, if the evidence necessary to support one charge would also support the former charge, double jeopardy prohibits the second prosecution. State v. Miller, 571 So.2d 603 (La.1990).
The gist of the “same evidence” test is that an accused should not be punished or placed in jeopardy twice for the same conduct. See State v. Miller, Id. The same conduct used to convict Charles Burton, a/k/a Charles Toussaint, on the second degree kidnapping charge was the same conduct used to convict him on the attempted forcible rape charge. His conviction for kidnapping under 14:44.1(A)(3) and 14:44.1(B)(3) was for conduct which formed the basis of his conviction for the attempted forcible rape. It was “based on a part of a continuous offense for which 17offense the defendant was in jeopardy in the first trial.” See, La.Code Crim.P. art. 596(2).
We, therefore, conclude that double jeopardy attaches in violation of the defendant’s constitutional rights under U.S. Const, amend. V and La. Const, art. 1, § 15 and his statutory rights under La.Code Crim.P. art. 596. The charges were contained in one bill of information. They were not severed for trial. Consequently, we must resolve which conviction and sentence to eliminate. “Where multiple punishment has been erroneously imposed, the appropriate procedure at the appellate level is to eliminate the judgment as to the less severely punishable offense.” State v. Doughty, 379 So.2d 1088, 1091 (La.1980). Attempted forcible rape carries a penalty of 2½ to 20 years, while second degree kidnapping imposes a penalty of 5 to 40 years at hard labor. Accordingly, defendant’s conviction and sentence for attempted forcible rape must be vacated.

ASSIGNMENT OF ERROR NO. 3

By this assignment of error, defendant alleges that the trial court erred in the imposition of excessive sentences, in violation of U.S. Const.Amend. 8, La. Const. Art. 1, § 20, and La.Code Crim.P. art. 894.1.
The prohibitions against cruel and unusual punishment contained in the federal and state constitutions are implemented through La.Code Crim.P. art. 894.1:
A. When the defendant has been convicted of a felony, the court shall consider *699 the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
B. A court may impose a sentence, which includes incarceration or other significant sanctions, which is appropriate under the sentencing guidelines notwithstanding any limitation on probation or suspension of sentence under the provisions of Article 893.
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
IgThe Louisiana Supreme Court has ruled that although a trial judge must consider the Sentencing Guidelines, they are advisory, so that when the trial judge considers the Guidelines and adequately states for the record the reasons for sentencing, the appellate court is limited to a review of constitutional excessiveness “without regard to whether the trial judge either employed or deviated from the Guidelines.” State v. Smith, 639 So.2d 237 (La.1994).
Unfortunately, the trial judge did not state whether he considered the Sentencing Guidelines nor did he make any reference to La. Code Crim.P. art. 894.1 during sentencing. Furthermore, the trial court did not state what factors contributed to the defendant’s sentence. State v. Cottingin, 476 So.2d 1184, 1186-89 (La.App. 3d Cir.1985), appeal after remand, 496 So.2d 1379 (La.App. 3d Cir.1986). Although a presentencing investigation report was completed, the record does not indicate the trial judge referred to it at sentencing.
Because the record does not affirmatively show consideration of the Guidelines by the trial judge and, further, since the record is devoid of specific factors considered at the sentencing, this case is remanded for resen-tencing in accordance with La.Code Crim.P. art. 894.1.
For the foregoing reasons, this assignment of error has merit.

ERRORS PATENT

A review of the record reveals three errors patent which are pertinent to our review.
The sentence is illegal under the provisions of La.Code Crim.P. art. 879, which provides:
If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.
IgThe trial court’s sentence on second degree kidnapping is twenty years, “at least ten of which” is without benefit of parole, probation, or suspension of sentence. The comments to Article 879 indicate that it is to be read in conjunction with La.R.S. 15:574.4, which grants the general right to apply for parole after a specified part of the sentence has been served.
The imposed sentence gives no basis for determining when defendant will be eligible for parole, as it fixes no maximum time to be served without eligibility and is thus indeterminate. See State v. Frank, 635 So.2d 634, 640 (La.App. 3d Cir.1994).
Since a determination of the maximum number of years to be served without eligibility involves sentencing discretion, the sentence must be vacated and the matter remanded for resentencing consistent with the views expressed herein. Id, see also, State v. Fraser, 484 So.2d 122, 124 (La.1986).
The record does not reflect that defendant was given credit for time served.
La.Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Thus, the sentence is amended to reflect that the defendant is given credit for time served prior to the execution of the sentence. See La.Code Crim.P. art. 882(A). This case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is *700 given credit for time served. State v. Jones, 607 So.2d 828 (La.App. 1st Cir.1992).
The record does not reflect defendant was advised of the three-year limitation for seeking post-conviction relief, per La. Code Crim.P. art. 930.8.
| ipLa.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. Thus, the district court is directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3d Cir. 1993).

CONCLUSION

The defendant’s conviction for second degree kidnapping is affirmed. His conviction and sentence for attempted forcible rape is reversed, vacated and set aside. This case is remanded to the district court for resentenc-ing in accordance with La.Code Crim.P. arts. 880, 894.1, 930.8, and La.R.S. 14:44.1.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SAUNDERS, J., dissents in part and concurs in part and assigns reasons.