692 So.2d 612 (1997)
STATE of Louisiana
v.
Juvonte Lamark TURNER, Defendant-Appellant.
No. CR96-845.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1997.
*613 William E. Tilley, Asa Allen Skinner, Leesville, for State.
John K. (Mike) Anderson, Leesville, for Juvante Lamark Turner.
Before YELVERTON, COOKS and DECUIR, JJ.
COOKS, Judge.
Defendant, Juvonte Lamark Turner, appeals his second degree murder conviction. For the following reasons, we reverse defendant's conviction and sentence and remand the case for a new trial.

FACTS
During the early morning hours of July 22, 1995, defendant traveled with Michael Gilbert, Marshall Gilbert, and Donte Gilbert to an establishment known as the Big Casino where they encountered Andrew Robinson Jr., the victim. Donte and Marshall Gilbert were defendant's first cousins. Michael Gilbert was the victim's first cousin. Moments before the fatal exchange, Robinson (joined by a group of young men) entered the casino lot and approached Turner and his friends singing a rap song which contained the following lyrics: "where you from, n____, where you from." Offended by the rap song, defendant argued with Robinson. At some point, defendant shot Robinson in the eye. The bullet wound was fatal.
Defendant was arrested and charged by bill of information with committing second degree murder, a violation of La.R.S. 14:30.1. After trial by jury, defendant was found *614 guilty as charged. The trial court sentenced him to serve life imprisonment without benefit of parole, probation, suspension or good time diminution of sentence. Defendant lodged this appeal and assigned eight (8) errors for our review. Finding defendant's assignment of error 1 meritorious, we pretermit considering the remaining assignments of errors.

ASSIGNMENTS OF ERROR NO. 1
Defendant contends the trial court committed reversible error when it denied his challenge seeking to excuse prospective juror Sherry L.W. Musselwhite for cause. As a result, defendant complains he was forced to use one of his allotted peremptory challenges to excuse this juror; thereby prejudicing his right to effective voir dire examination and selection of a fair and impartial jury.
During voir dire, counsel for defendant asked Musselwhite whether she understood defendant did not have to put on any evidence in light of the presumption of innocence afforded him. The following exchange occurred between defense counsel and Musselwhite:
Q. The defendant, the person charged, does not have to testify or put on one iota of evidence and he is still presumed innocent, do you agree with that?
A. I would say that he had to prove (INAUDIBLE)
Q. Okay. So, if the judge were to instruct you that the law is and that you are to follow the law that he is still presumed innocent until he is proven guilty and if he doesn't testify or put on any evidence, at all, can you put aside the fact that you think he ought to have put on evidence and not hold that against him or would you have to say he would have had to put on some evidence?
A. I believe he should have to put on evidence to show ...
BY THE COURT:
May I ask a question, Mr. Anderson? Ms. Musselwhite, a juror is, of course, required to accept the law as the law is written, and to apply the law as the law is written. The question that I really need to know is this, if you are instructed that every person charged with crime is presumed to be innocent can you accept and apply that instruction in your deliberations in this case?
A. Yes sir.
BY THE COURT:
If you are instructed that that presumption continues at all times until it appears that the State has, by producing competent, admissible evidence, proven beyond any reasonable doubt that the individual is guilty, can you give the charged individual the benefit of that presumption of innocence until that degree of proof has been presented to you?
A. Yes sir.
BY THE COURT:
If the court instructs you that a defendant has an absolute right to remain silent and cannot be compelled to present any evidence and shall not have the fact that he chooses to remain silent used against him, can you accept and apply that law if you are chosen as a juror in this case?
A. I think so.
BY THE COURT:
In other words, it's extremely important that you realize that you must abide by and apply the law in your deliberations in this case, do you understand what I'm suggesting to you?
A. Yes sir.
BY THE COURT:
And unfortunately, you are required to accept the law as being what the court tells you it is, whether you think it's the law or not or whether you think it should be the law or not, you are nevertheless required to accept it and if the court is wrong there is another court that will make the correction for that. And if it's something that is the law but just shouldn't be then that's appropriately addressed to the Legislature and not in this courtroom, do you understand that?
A. Yes sir.
BY THE COURT:

*615 And, under those circumstances, do you think that you can accept the court's instructions and apply the law as the law is given to you?
A. Yes sir.
Defense counsel continued by questioning Musselwhite concerning her ability to accept the law as given to her by the court:
Q. If the defendant chooses not to testify either as the result of my advice or his own volition, would you hold that against him in making a decision at all?
A. No sir.
Q. Do you believe that he would have to put on any evidence himself, in other words?
A. Yes, I believe so.
Q. You think he should have to put on some evidence to ...
A. Or show proof, you know, that he didn't do it.
Q. Now, even though he is presumed innocent heand the law says he has to sit there you still think he ought to have to do that?
A. Well, if he is innocent and the State has to prove he is guilty, he should have to prove somehow that he is not guilty.
Q. Would the fact that he is arrested and here charged today give you any presumption of his guilt?
A. No sir, `cause I don't know anything.
Q. So, if the State puts their evidence on and the defendant doesn't testify, just the fact that he doesn't put on any evidence, whether or not the State meets their burden or not, are you saying that you think he ought to have put on evidence?
A. Uh, if he is innocent he would have something to show that, uh, proof.
The State then attempted to rehabilitate Musselwhite:
Q. Do you agree that the State has the burden of proving each and every element of the crime as charged, beyond a reasonable doubt?
A. Yes sir.
Q. Can you give me your assurance that even if the defendant doesn't put on one iota of evidence that if they fail to prove each and every element of the crime as charged that you can return a verdict of not guilty?
A. Yes sir.
Defense counsel questioned Musselwhite a third time:
Q. One other question. Even though the judge instructs you that the defendant doesn't have to testify, doesn't have to put on any evidence, do you feel he still should?
A. Well, if the judge instructs he doesn't have to, I guess he doesn't have to.
Q. I understand but, I'm asking what your feelings are toward that?
A. I still believe he should have toas long as the State has to prove that he is guilty I believe he should have to prove that he is innocent.
Q. So, you think he should have the burden of proving he is innocent.
A. Yes, sir, along with the State proving that he is guilty.
Following this exchange, the defense challenged Musselwhite for cause based on her belief that the defendant should still have the burden of proving his innocence. The court denied defendant's challenge stating:
I think this is a matter of semantics, and it's a matter that she has in part been led into, I listened particularly to the answer to the question when you asked her if she could assure that if the State failed to prove beyond any reasonable doubt that the defendant was guilty and even if he put on absolutely no testimony at all could she give you her assurance that she would come back with a verdict of acquittal or not guilty, that may not be precisely the language that you used, but it's very close, that's the question you asked and she answered that question appropriately that she could do so, I'm going to deny your challenge for cause, I think that it's a matter of confusing the issue when she said that she would accept the law as given to her by the court. I'm going to deny your challenge for cause.
La. Const. Art. I, § 17 guarantees "[t]he accused shall have the right to full voir *616 dire examination of prospective jurors and to challenge jurors peremptorily." La.Code Crim.P. art. 766 provides when a defendant is exposed to death or imprisonment at hard labor, he must be allotted twelve peremptory challenges. Our State Supreme Court has held, without retreat, when a defendant exhausts all of his peremptory challenges, using one to remove a prospective juror which the trial court erroneously failed to excuse, a substantial violation of his constitutional and statutory rights which necessarily require reversal of his conviction and sentence. State v. Cross, 93-1189 (La.6/30/95); 658 So.2d 683, 686; State v. Maxie, 93-2158 (La.4/10/95); 653 So.2d 526; State v. Robertson, 92-2660 (La.1/14/94); 630 So.2d 1278; State v. McIntyre, 365 So.2d 1348, 1351 (La.1978). Thus, "[p]rejudice is presumed when a challenge for cause is erroneously denied by a trial court and the defendant has exhausted his peremptory challenges." State v. Cross, supra at 686.
To prove reversible error occurred, defendant is required to show only (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. State v. Cross, 658 So.2d at 686; State v. Robertson, 630 So.2d 1278, 1281; State v. Ross, 623 So.2d 643, 644; State v. Comeaux, 514 So.2d 84, 93 (La.1987). The trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will be reversed only when a review of the entire voir dire reveals the judge abused his discretion. State v. Robertson, 630 So.2d 1278. "A trial judge's refusal to excuse a prospective juror for cause is not an abuse of discretion, notwithstanding that the juror has voiced an opinion seemingly prejudicial to the defense, where subsequently, on further inquiry or instruction, [the juror] has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence." Cross, 658 So.2d at 687. See also State v. Welcome, 458 So.2d 1235 (La. 1983), cert. denied, 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 152; State v. Passman, 345 So.2d 874, 880 (La.1977). In this case, defendant exhausted all of his peremptory challenges. Thus, the only question left for our determination on appeal is whether the trial judge erred in denying defendant's challenge seeking to excuse Mussellwhite from the jury venire for cause.
La.Code Crim.P. art. 797 provides, in pertinent part, the state or the defendant may challenge a juror for cause on the grounds that:
* * * * * *
(2)The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to law and the evidence;
* * * * * *
(4) The juror will not accept the law as given to him by the court;

* * * * * *
A review of the voir dire evidences Mussellwhite on several occasions expressed her belief that defendant "should have to put on evidence" to prove his innocence. Although the trial judge attempted to rehabilitate this juror and she answered affirmatively his questions, as well as those posed by the state, her answers to defense counsel's questions which followed only a few minutes later convinces us she could not honestly put aside her belief. Nothing so clearly indicate this was so than Mussellwhite's last words when she responded to defense counsel's question regarding her true feelings on whether she believed defendant should put on evidence. Despite the trial judge's valiant effort to rehabilitate her, when the dust finally settled, Mussellwhite's assurances were equivocal at best and she "still [believed defendant] should have to ... as long as the State has to prove that he is guilty ... he should have to prove that he is innocent." We simply cannot ignore Mussellwhite's honest misgivings and find with confidence her belief did not impact her ability to apply the law in this case. Mussellwhite's indecisiveness remained although the state and the court attempted to rehabilitate her. See State v. Lott, 574 So.2d 417, 419 (La.App. 2 Cir.1991), writ denied, 580 So.2d 666 (La.1991).
*617 Both the Fifth Amendment to the United States Constitution and Art. I, § 16 of the Louisiana Constitution protect a defendant from being compelled to testify against himself. The Supreme Court has stated "it is an important part of voir dire examination to discover any prospective juror who may have difficulty understanding his right (the presumption of innocence) as well as to discover a juror who may hold it against a defendant who exercises the right." Cross, 658 So.2d at 687; State v. Lee, 559 So.2d 1310, 1316 (La. 1990). The trial's court failure to exercise Mussellwhite for cause was an abuse of discretion. We must reverse defendant's conviction and sentence.

DECREE
As stated above, we find the trial court abused its discretion in denying defendant's challenge to excuse Sherry L.W. Musselwhite for cause. Therefore, defendant's conviction is set aside and the case remanded for a new trial.
CONVICTION AND SENTENCE VACATED AND REMANDED.