JWOODARD, Judge.
Oscar M. Lewis (the defendant) was found guilty by a 10-2 vote of the jury of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). Subsequently, he was sentenced to twenty years of imprisonment at hard labor. He appeals, alleging four assignments of error. Finding reversible error in the trial court’s decision to deny the defendant’s challenge for cause of prospective jurors, Mr. David McKinley Augustine and Ms. Eula Armentor, we reverse the defendant’s conviction and sentence and remand the case to the trial court for a new trial, pretermitting discussion of the defendant’s other assignments of error.
FACTS
On April 26, 1997, State Troopers Travis Savoy and Timothy Lafleur were on patrol in Jefferson Davis Parish when they observed a vehicle driven by the defendant, with a passenger, Mr. Michael Mason, following a tan pickup truck by less than a car length. The troopers then observed the vehicle changing lanes abruptly, veering into the path of another car. Consequently, they decided to pull the vehicle over.
^Trooper Lafleur asked the defendant for proof of identification, as well as his destination. He appeared very nervous, and the troopers noticed that he avoided eye contact, and his hands were shaking. Trooper La-fleur observed that his carotid artery was acutely pronounced and he could see the defendant’s neck pulsating. Furthermore, the stories given by the defendant and his passenger were inconsistent. Both troopers returned to their patrol unit and exchanged their impressions and suspicions. Trooper Lafleur filed a citation in connection with the traffic violations for which the vehicle had been stopped, while Trooper Savoy decided to file a consent form to search the defendant’s vehicle. The defendant acquiesced to the search after reading the form and stating that he could read and understand English.
Trooper Lafleur proceeded with the search. When he moved to the rear seat area, he noticed a small, black, duffle-type bag laying on the back sit. He opened it, removed some items of clothing, and found some clear-plastic-wrapped-type packages containing marijuana. -The troopers immediately drew their weapons, ordered the defendant and his passenger to the ground, placed them under arrest, gave them their Miranda warnings, and impounded their vehicle. As a result of the search, the troopers found a total of fifty pounds of marijuana.
The defendant was charged by bill of information on June 9, 1997 with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A)(1). The defendant waived formal arraignment and entered a plea of not guilty. A motion to suppress the evidence seized as a result of the vehicle’s search was argued on November 7, 1997. The court found that the troopers had probable cause for stopping the vehicle and that his consent to the search was knowingly, intelligently, and voluntarily given.
Jury selection proceeded on December 15-16,1997. Trial was held on December 16-17, 1997. The defendant was found' guilty as charged by a 10-2 jury verdict. On January 21, 1998, the trial court denied the defendant’s motion for a new trial. On February 2, 1998, the trial court sentenced the defendant to serve twenty years of imprisonment at hard labor and then denied the defendant’s motion to reconsider the sentence. The defendant now appeals his conviction and sentence.
ASSIGNMENTS OF ERROR
The defendant alleges that:
fel. The trial court erred in denying defendant’s challenge for cause as to *832 prospective jurors, Ms. Armentor and Mr. Augustine.
2. The verdict fails to meet the required legal standard for sufficiency of the evidence.
3. The trial court erred in denying defendant’s Motion for New Trial in connection with the non-disclosure or failure to analyze the fingerprint evidence.
4. The trial court erred in imposing a constitutionally excessive sentence.
LAW
Finding reversible error in the defendant’s first assignment of error, the defendant’s other assignments of error are pretermitted and will not be subject to discussion in this opinion.
Challenge of Prospective Jurors for Cause
The defendant contends that the trial judge erred in denying the challenge for cause of Mr. David Augustine and Ms. Eula Armentor.
The issue raised in this assignment of error springs from the fundamental right of a criminal defendant to be tried by jury as set forth by La. Const, art. I, § 17, which provides:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict. The accused shall have the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury.
[i(Emphasis ours.) Thus, a criminal defendant has the fundamental right to have a jury determine whether he may be guilty or innocent and whether the state proved all elements of the crime beyond a reasonable doubt. State v. Lacoste, 256 La. 697, 237 So.2d 871 (La.1970).
Nevertheless, this fundamental right would become meaningless if not guided by the principle that the jury should be impartial in order to ensure that the criminal defendant receive a fair trial. This principle does not mean that a criminal defendant has the right to be tried by a particular type of jury or juror, but it simply means that it is essential that the jury be impartial and competent. State v. McLean, 211 La. 413, 30 So.2d 187 (La.1947).
To make sure that the jury is competent and impartial, La. Const, art. I, § 17 provides safeguards, such as the defendant’s “right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.” Similarly, La.Code Crim.P. art. 786 provides:
The court, the state, and the defendant shall have the right to examine prospective jurors. The scope of the examination shall be within the discretion of the court. A prospective juror, before being examined, shall be sworn to answer truthfully questions asked him relative to his qualifications to serve as a juror in the case.
Thus, the purpose for voir dire is to determine whether or not prospective jurors are fit, by testing their competency and impartiality. It is designed to uncover information regarding the prospective jurors, which may be used as a basis for challenges for cause or exercise of peremptory challenges. State v. Berry, 95-1610 (La.App. 1 Cir. 11/8/96); 684 So.2d 439, writ denied, 97-0278 (La.10/10/97); 703 So.2d 603.
When a defendant exposes the partiality of a juror, the juror may not be automatically excluded for cause. Indeed, the state or the court may rehabilitate the juror by asking questions and obtaining answers demonstrating the juror’s ability to decide the case impartially, pursuant to law and evidence. State v. Allen, 633 So.2d 325 (La.App. 1 Cir.1993). Ultimately, the trial court has the power to determine whether or not a *833 juror may be excused for cause. State v. Turner, 96-845 (La.App. 3 Cir. 3/5/97); 692 So.2d 612, unit denied, 97-2761 (La.2/20/98); 709 So.2d 773.
In State v. Gross, 93-1189 (La.6/30/95); 658 So.2d 683, 686, the Louisiana Supreme Court stated that a trial court’s erroneous ruling on a challenge for cause, ^depriving the defendant of his peremptory challenges “constitutes a substantial violation of [the defendant’s] constitutional and statutory rights, requiring reversal of the conviction and sentence.”
To successfully prosecute an appeal based on the ground that the trial court erroneously denied the challenge of a prospective juror for cause, requires showing the existence of the following factors.
First, the defendant must object to the trial court’s decision, specifying the ground for the objection, at the time the challenge is denied. La.Code Civ.P. art. 800.
Second, the defendant must show that all of his peremptory challenges have been used. Cross, 658 So.2d 683.
Third, the defendant must show that the trial court’s denial of the challenge for cause was in error. While we determine whether or not the trial court erred in denying the defendant’s challenge for cause, we note that “[t]he trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will be reversed only when a review of the entire voir dire reveals that the judge abused its discretion.” Cross, 658 So.2d at 686. The trial court does not abuse its discretion in denying the defendant’s challenge for cause when the juror originally expressed some reservations about his ability to fairly consider the defendant’s right not to testify but later stated that he could disregard his doubts and “base his verdict solely on the evidence and law.” State v. Glaze, 439 So.2d 605, 607 (La.App. 1 Cir.1983).
Finally, when the defendant timely objected, exhausted his peremptory challenges, and showed that the trial court’s denial was raised to the level of an abuse of discretion, prejudice was presumed and needed not be shown by the defendant. Cross, 658 So.2d 683.
Concerning the ground that a defendant may assert to challenge a prospective juror for cause, La.Code Crim.P. art. 797, states, in pertinent part:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
[[Image here]]
k(4) The juror will not accept the law as given to him by the court....
In the instant case, the defendant objected to the court’s denial of his challenge for cause made to Ms. Armentor and Mr. Augustine, and he exhausted all of his peremptory challenges. Thus, the only issue that we have to consider is whether the trial court’s denial of the challenges for cause to Ms. Armentor and Mr. Augustine was erroneous. The defendant challenged Ms. Ar-mentor and Mr. Augustine because of their statements that they could not accept the law as given if the defendant failed to take the stand on his behalf. For example, precisely, Mr. Augustine stated: “it would seem hard if they can’t testify that, you know—I don’t know. It seems to me like she said they’re hiding something.” Furthermore, the defendant also challenged Ms. Armentor and Mr. Augustine on the ground that they would find the defendant guilty of possession of marijuana simply because the marijuana was located in the car that he drove, even if they thought that the state did not meet its burden of proof.
Thus, at the very least, these jurors unambiguous responses cast a serious doubt on their abilities to be impartial to the defendant if he refused to testify on his behalf. In essence, neither juror believed that he or she could apply the fifth amendment of the United States Constitution as well as La. Const, art. I, § 16.
The state attempted to rehabilitate the prospective jurors by asking the following questions:
*834 Mr. Lapoint:
Just like he said, assuming the State has not proven dominion and control, assuming, would anybody have a problem if the State does not prove dominion and control in saying he’s not guilty? Would anybody have a problem with that?
[There was no verbal response].
[[Image here]]
Mr. Lapoint:
Can each of you apply the law that he (the judge) gives you to the facts of this case at the end of the case and decide whether he has dominion and control?
[No verbal response]. bMr. Lapoint:
Can all of you assure us that you can do that? If you can’t do that, raise your hand.
[No verbal response].
[[Image here]]
Mr. Lapoint:
Now, regardless of how you feel about a defendant’s right to testify and not take the stand, if the judge tells you cannot hold that against him regardless of what your personal view may be, can you set those personal views aside and obey the Judge’s instruction and not hold it against him? If there’s anybody that cannot do that, raise your hand.
[No verbal response],
Mr. Lapoint:
Can all of you assure us that you will comply with the Judge’s instructions regardless of what your personal beliefs are, put those personal beliefs aside and comply with what he tells you? Is there anybody who cannot do that? Can all of you do that?
[There was no verbal response].
Typically, jurors are rehabilitated on an individual basis, often by the court itself. However, in the instant case, the state’s questions were directed to the jury panel as a whole even though two particular jurors’ impartiality was seriously at issue. The state argues that silence of a juror on these questions means that the juror accepted the proposition suggested in the question and thus rehabilitated any juror whose partiality was specifically questioned by defense counsel. Further that their silence on the above questions sufficiently demonstrated their ability to impartially apply the law. The court agreed and denied the defendant’s challenges.
We, on the other hand, disagree. We do not find such a method of rehabilitation to be effective to rebut a juror’s unambiguous expression of partiality resulting from an individual questioning. Instead, we find that the state or the court should have rehabilitated Ms. Armentor and Mr. Augustine by obtaining their unequivocal and affirmative expressions that they could overcome their initial feelings such as to apply the law and evidence.
bWe conclude that the trial court abused its discretion in denying the defendant’s challenges for cause against these jurors. Accordingly, we reverse and remand this case for a new trial, pretermitting discussion of the defendant’s other assignments of error.
CONCLUSION
Finding that two jurors should have been rehabilitated or stricken for cause, we reverse the defendant’s conviction and sentence and remand the case to the trial court for a new trial.
REVERSED AND REMANDED.