# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 02-0712

**STATE OF LOUISIANA**

**VERSUS**

**LEVI JOSEPH GARRICK**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, No. 01-K-1288-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JIMMIE C. PETERS
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Jimmie C. Peters, Judges.

**REVERSED AND REMANDED.**

**Robert F. DeJean, Jr.**
**DeJean, DeJean, & DeJean**
**126 W. Bellevue St.**
**Opelousas, LA 70570**
**(337) 942-4224**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Levi Joseph Garrick**

**Earl B. Taylor**
**District Attorney**
**P. O. Box 1419**
**Opelousas, LA 70570**
**(337) 948-3041**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

PETERS, J.

We revisit this case on remand from the supreme court. This court initially reversed the defendant's conviction and remanded the matter to the trial court for a new trial. *State v. Garrick*, 02-0712 (La.App. 3 Cir. 12/11/02), 832 So.2d 1110. The supreme court reversed our decision and remanded the matter to this court for consideration of the defendant's remaining assignments of error. *State v. Garrick*, 03-0137 (La. 4/15/04), 870 So.2d 990. For the following reasons, we again reverse the conviction and remand the matter to the trial court for a new trial.

The defendant, Levi Joseph Garrick, was convicted after a jury trial of the offense of armed robbery, a violation of La.R.S. 14:64. This court found that the State of Louisiana failed to fully and fairly comply with its own open file procedure, and in doing so, failed to timely disclose the exculpatory content of testimony provided by a former co-defendant turned prosecution witness, and this failure constituted "a legal defect in the proceedings of such a nature which makes the verdict reversible as a matter of law." *Garrick*, 832 So.2d at 1120.

In reversing our decision and remanding the matter for consideration of the remaining assignments of error, the supreme court explained that it "has held generally that discovery violations do not provide grounds for reversal unless they have actually prejudiced the defendant," and that "while late disclosure as well as non-disclosure of exculpatory evidence may deprive the defendant of a fair trial," the context of the entire record must be evaluated to determine the impact on the defense. *Garrick*, 870 So.2d at 994. The supreme court concluded that, in this case, "the trial court's denial of a mistrial or a postponement of the evidentiary portions of trial did not prejudice the defense or otherwise render the proceedings fundamentally unfair." *Id* at 995.

The facts and procedural history of this case are sufficiently detailed in our previous opinion and will not be repeated herein. Our initial opinion considered only the defendant's first two assignments of error. Therefore, following the instructions of the supreme court, we will consider the remaining two assignments of error to the extent necessary to render a decision in this matter.

In his third assignment of error, the defendant asserts that the trial court erred in refusing to grant his challenge for cause of four prospective jurors: Pamela Lamke, Camellia Lamana, Ray LaGrange, and Mark LaGrange. The defendant argues that when questioned during voir dire, these four jurors stated that they would not follow the law as explained by the trial court. Specifically, that which is at issue in this assignment of error is the definition of principals to a crime.

> Only those persons who knowingly participate in the planning and/or execution of a crime are principals. *State v. Pierre*, 93-0893 (La. 2/3/94), 631 So.2d 427. Mere presence at the scene is not enough to "concern" an individual in a crime. *Id*. Moreover, a person may only be convicted as a principal for those crimes for which he personally has the requisite mental state. *Id*. Knowledge that a crime will be, or has been, committed is insufficient by itself to convict a person as a principal. *State v. Cayton*, 98-100 (La.App. 3d Cir.10/28/98), 721 So.2d 542.

*State v. Jetton*, 32,893, p. 4 (La.App. 2 Cir. 4/5/00), 756 So.2d 1206, 1212, *writ denied*, 00-1568 (La. 3/16/01), 787 So.2d 299.

The defendant asserts that the four prospective jurors all stated in voir dire that, even if the defendant did not aide or abet in the commission of the armed robbery, or procure someone else to commit it, they would find him guilty of the offense simply because he knew the offense was about to occur and failed to leave the scene.

At the beginning of voir dire, the trial court gave the prospective jurors the following instruction concerning their obligation to follow the applicable law:

> At the end of this case I'm going to instruct you as to the law that's applicable to this case. You're going to have to apply that law as I instruct you. Even if you have a difference with what the law states,

2

any of you have a problem with accepting the law, even one that you don't agree with and applying it because that's the rules in which we operate in this system of justice? Do any of you have a problem with that or any reservations about it?

No prospective juror indicated a personal problem or reservation with this instruction.

However, when questioned by defense counsel, the four jurors at issue expressed disagreement with the law of principal. When questioned concerning the defendant's presence at the scene of the offense, Ms. Lamke stated that "If he knew better and shouldn't have been in the vehicle, I'd get out. That's my personal opinion." Ms. Lamana was more specific in the following exchange with the defendant's counsel during voir dire:

> MS. LAMANA: Right, [I] feel like even though he had no part in it, if he didn't help them in any way he still had knowledge of what was going on, he's guilty.
>
> COUNSEL FOR THE DEFENDANT: O.K. So you couldn't follow that [law]?
>
> MS. LAMANA: No, I think as long as he was aware of what was happening, he knew what they were doing, then he is also a part of it and he's guilty.

Immediately after this exchange with Ms. Lamana, counsel for the defendant asked Ray LaGrange if he agreed with Ms. Lamana and Mr. LaGrange responded "That's the same way I feel." After a conference with the trial court, counsel for the defendant then continued to question Ms. Lamana.

> COUNSEL FOR THE DEFENDANT: So I'll be clear, Ms. Lamana, if the evidence were to show that he did not directly commit an act–any crime himself, okay, he did not aid and abet in its commission, help out, you understand what that means?
>
> MS. LAMANA: Right
>
> COUNSEL FOR THE DEFENDANT: And he did not directly or indirectly counsel or procure any other person to commit the act.
>
> MS. LAMANA: But he still was aware of what was gonna happen.

3

COUNSEL FOR THE DEFENDANT: Yes, ma'am.

MS. LAMANA: Then he's guilty.

COUNSEL FOR THE DEFENDANT: So you know what this law means?

MS. LAMANA: Right.

COUNSEL FOR THE DEFENDANT: It's nothing foreign to you.

MS. LAMANA: No.

COUNSEL FOR THE DEFENDANT: The mere fact that he was there and had knowledge would cause you to find him guilty?

MS. LAMANA: That's right.

COUNSEL FOR THE DEFENDANT: And that's Mr. Ray LaGrange, right?

MR. RAY LAGRANDE: Yes.

COUNSEL FOR THE DEFENDANT: You feel the same way?

MR. RAY LAGRANGE: Yes.

COUNSEL FOR THE DEFENDANT: What about you Mr. [Mark] LaGrange?

MR. MARK LAGRANGE: Same way.

The defendant then challenged the four prospective jurors for cause. In denying the challenge for cause, the trial court stated: "And the reason for the ruling, I find I'm better off saying nothing but I don't find that that interpretation is necessarily erroneous and I'm going to leave it at that." The defendant did not object to when his challenges for cause were rejected. The defendant then utilized his peremptory challenges to remove the four jurors.

The record now before us does not reflect whether the defendant objected to the trial court's ruling on his challenges for cause. Louisiana Code of Criminal Procedure Article 800(A) provides that "[a] defendant may not assign as error a ruling refusing

4

to sustain a challenge for cause made by him, unless an objection thereto is made at the time of the ruling. The nature of the objection and grounds therefor shall be stated at the time of objection." However, in the interest of justice, we will consider this assignment of error. *See State v. Hundley*, 99-1156 (La.App. 3 Cir. 3/22/00), 760 So.2d 417.

A defendant may challenge a juror for cause when "[t]he juror will not accept the law as given to him by the court." La.Code Crim.P. art. 797(4). In *State v. Schmidt*, 99-1412, pp. 29-31 (La.App. 3 Cir. 7/26/00), 771 So.2d 131, 148-49, *writ denied*, 00-2950 (La. 9/28/01), 798 So.2d 105, *cert. denied*, 535 U.S. 905, 122 S.Ct. 1205 (2002), this court stated that:

> A criminal defendant has the fundamental right to have a jury determine whether he may be guilty or innocent; whether the state proved all elements of the crime beyond a reasonable doubt. La.Const. art. I, § 17; *State v. Lacoste*, 256 La. 697, 237 So.2d 871 (1970). Nevertheless, this fundamental right would become meaningless if not guided by the principle that the jury should be impartial in order to ensure that the criminal defendant receives a fair trial. This principle does not mean that a criminal defendant has the right to be tried by a particular type of jury or juror, but it simply means that it is essential that the jury be impartial and competent. *State v. McLean*, 211 La. 413, 30 So.2d 187 (1947); *State v. Lewis*, 98-904 (La.App. 3 Cir. 12/9/98); 724 So.2d 830, *writ denied*, 99-0438 (La.11/12/99); 749 So.2d 649. To ensure that the jury is competent and impartial, La.Const. art. I, § 17 provides safeguards, such as the defendant's "right to full voir dire examination of prospective jurors and to challenge jurors peremptorily."
>
> The purpose of voir dire is to test the competency and impartiality of prospective jurors to determine whether they are fit to serve on the jury. Voir dire is designed to uncover information about the prospective jurors, which may be used as a basis for challenges for cause or exercise of peremptory challenges. *State v. Berry*, 95-1610 (La.App. 1 Cir. 11/8/96); 684 So.2d 439, *writ denied*, 97-0278 (La.10/10/97); 703 So.2d 603. When a defendant exposes the partiality of a juror, the juror may not be automatically excluded for cause. The state or the trial court may rehabilitate the juror by asking questions and obtaining answers demonstrating the juror's ability to decide the case impartially pursuant to law and evidence. Ultimately, the trial court has the power to determine whether or not a juror may be excused for cause. *State v. Turner*, 96-845 (La.App. 3 Cir. 3/5/97); 692 So.2d 612, *writ denied*, 97-2761 (La.2/20/98); 709 So.2d 773.

5

To succeed on appeal with the claim that the trial court erroneously denied the challenge of a prospective juror for cause, a defendant must exhaust his peremptory challenges and show that the trial court's denial of his challenge for cause was an abuse of discretion. *State v. Cross*, 93-1189 (La.6/30/95); 658 So.2d 683; *State v. Robertson*, 92-2660 (La.1/14/94), 630 So.2d 1278, *appeal after remand*, 97-0177 (La.3/4/98), 712 So.2d 8, *cert. denied*, 525 U.S. 882, 119 S.Ct. 190, 142 L.Ed.2d 155 (1998); *Turner*, 692 So.2d 612. Once these factors have been established, prejudice is presumed and need not be shown by the defendant. *Id*.; *Cross*, 658 So.2d 683. In *Cross*, the Louisiana Supreme Court stated that a trial court's erroneous ruling on a challenge for cause, depriving the defendant of one of his peremptory challenges, "constitutes a substantial violation of [the defendant's] constitutional and statutory rights, requiring reversal of the conviction and sentence." In *Turner*, 692 So.2d 616, we wrote:

> The trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will be reversed only when a review of the entire voir dire reveals the judge abused his discretion. *State v. Robertson*, 630 So.2d 1278. "A trial judge's refusal to excuse a prospective juror for cause is not an abuse of discretion, notwithstanding that the juror has voiced an opinion seemingly prejudicial to the defense, where *subsequently, on further inquiry or instruction*, [the juror] has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence." *Cross*, 658 So.2d 687. *See also State v. Welcome*, 458 So.2d 1235 (La.1983), *cert. denied*, 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 152; *State v. Passman*, 345 So.2d 874, 880 (La.1977).

It is undisputed that the defendant utilized all twelve of his peremptory challenges. Thus, the question on appeal is whether or not the trial court's denial of the defendant's challenges for cause constituted an abuse of discretion.

The mere fact that a prospective juror has stated an opinion that is prejudicial to the defense is not in itself sufficient to warrant a challenge for cause if a further inquiry demonstrates the prospective juror's "ability and willingness to decide the case impartially according to the law and evidence." *State v. Ball*, 00-2277 (La. 1/25/02), 824 So.2d 1089, 1109, *cert. denied*, 537 U.S. 864, 123 S.Ct. 260 (2002). *See also, State v. Taylor*, 03-1834 (La. 5/25/04), ___ So.2d ___.

6

In the matter now before us, and unlike *Ball* and *Taylor*, neither the state nor the trial court attempted to rehabilitate the prospective jurors concerning their ability to follow the law as instructed by the trial court. Our courts have consistently found reversible error when prospective jurors have expressed unwillingness or uncertainty in following the applicable law and where rehabilitation by the trial court was unsuccessful or did not occur. *See State v. Bozeman*, 03-897 (La.App. 5 Cir. 1/27/04), 866 So.2d 1029; *State v. Turner*, 96-845 (La.App. 3 Cir. 3/5/97), 692 So.2d 612, *writ denied*, 97-2761 (La. 2/20/98), 709 So.2d 773; *State v. James*, 459 So.2d 1299 (La.App. 1 Cir. 1984), *writ denied*, 463 So.2d 600 (La.1985); *State v. Sheppard*, 350 So.2d 615 (La.1977).

In the matter before us, we are left with four jurors who stated emphatically that they would find the defendant guilty based on his mere knowledge of the crime and presence at the scene. Given the fact that the defendant's entire defense was based on his attempt to withdraw from the criminal enterprise, we do not know whether these jurors based their verdict on their opinion of the law or a disbelief in the defense's version of the facts. Thus, we conclude that the trial court abused its broad discretion in rejecting the defendant's challenges for cause, and that the defendant's fundamental right to have his fate decided by an impartial jury was violated by this abuse of discretion.

We find merit in the defendant's third assignment of error. In doing so, we set aside the conviction and sentence, and remand the matter to the trial court for a new trial. Because we find merit in the third assignment of error, we need not consider the defendant's final assignment of error.

## DISPOSITION

For the foregoing reasons, we reverse the defendant's conviction, set aside his

7

sentence, and remand this matter to the trial court for a new trial.

**REVERSED AND REMANDED.**