NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-663 consolidated with 12-664

STATE OF LOUISIANA

VERSUS

HORATIO ADAMS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR122565 AND CR131202
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

OSWALD A. DECUIR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Shannon J. Gremillion, Judges.

CONVICTIONS AFFIRMED; SENTENCES VACATED
AND REMANDED FOR RESENTENCING.

Alan P. Haney, Assistant District Attorney
Fifteenth Judicial District Court
P.O. Box 4308
Lafayette, LA 70502
(337) 291-7009
COUNSEL FOR APPELLEE:
    State of Louisiana

**Beth S. Fontenot**
**Louisiana Appellate Project**
**P. O. Box 3183**
**Lake Charles, LA 70602-3183**
**(337) 491-3864**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Horatio Adams**

**DECUIR, Judge.**

Defendant, Horatio Adams, was charged with attempted second degree murder, a violation of La.R.S. 14:27 and La.R.S. 14:30.1, and aggravated second degree battery, a violation of La.R.S. 14:34.7. A jury found Defendant guilty of a lesser offense, attempted manslaughter, on count one; on count two, it found him guilty as charged. Defendant was sentenced to twenty years at hard labor for the attempted manslaughter conviction and fifteen years for the aggravated second degree battery. The court consolidated this matter with a habitual offender proceeding against Defendant and sentenced him as an habitual offender.

Defendant now appeals his convictions and habitual offender sentence, assigning four errors.

## FACTS

At approximately midnight of April 19, 2009, Defendant stabbed his ex-girlfriend, Christy Champagne, and the man she was staying with, Dana Guilbeau, in a trailer park in Lafayette Parish. Both were hospitalized but survived.

## KA12-663

## CHALLENGES FOR CAUSE

In his first assignment of error, Defendant argues the trial court erroneously denied his challenges for cause regarding two venire members.

This court has explained:

> The purpose of voir dire is to test the competency and impartiality of prospective jurors to determine whether they are fit to serve on the jury. Voir dire is designed to uncover information about the prospective jurors, which may be used as a basis for challenges for cause or exercise of peremptory challenges. *State v. Berry*, 95-1610 (La.App. 1 Cir. 11/8/96); 684 So.2d 439, *writ denied*, 97-0278 (La.10/10/97); 703 So.2d 603. When a defendant exposes the partiality of a juror, the juror may not be automatically excluded for cause. The state or the trial court may rehabilitate the juror by asking questions and obtaining answers demonstrating the juror's ability to decide the case impartially pursuant to law and evidence. Ultimately, the trial court has the power to determine whether or not a juror may

be excused for cause. *State v. Turner*, 96-845 (La.App. 3 Cir. 3/5/97); 692 So.2d 612, *writ denied*, 97-2761 (La.2/20/98); 709 So.2d 773.

To succeed on appeal with the claim that the trial court erroneously denied the challenge of a prospective juror for cause, a defendant must exhaust his peremptory challenges and show that the trial court's denial of his challenge for cause was an abuse of discretion. *State v. Cross*, 93-1189 (La.6/30/95); 658 So.2d 683; *State v. Robertson*, 92-2660 (La.1/14/94), 630 So.2d 1278; *appeal after remand*, 97-0177 (La.3/4/98); 712 So.2d 8, *cert. denied*, 525 U.S. 882, 119 S.Ct. 190, 142 L.Ed.2d 155 (1998); *Turner*, 692 So.2d 612. Once these factors have been established, prejudice is presumed and need not be shown by the defendant. *Id*.; *Cross*, 658 So.2d 683. In *Cross*, the Louisiana Supreme Court stated that a trial court's erroneous ruling on a challenge for cause, depriving the defendant of one of his peremptory challenges, "constitutes a substantial violation of [the defendant's] constitutional and statutory rights, requiring reversal of the conviction and sentence." In *Turner*, 692 So.2d at 616, we wrote:

> The trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will be reversed only when a review of the entire voir dire reveals the judge abused his discretion. *State v. Robertson*, 630 So.2d 1278. "A trial judge's refusal to excuse a prospective juror for cause is not an abuse of discretion, notwithstanding that the juror has voiced an opinion seemingly prejudicial to the defense, where subsequently, on further inquiry or instruction, [the juror] has demonstrated a willingness and ability to decide the case impartially according to the law and the evidence." *Cross*, 658 So.2d at 687. *See also State v. Welcome*, 458 So.2d 1235 (La.1983), *cert. denied*, 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 152; *State v. Passman*, 345 So.2d 874, 880 (La.1977). In this case, defendant exhausted all of his peremptory challenges. Thus, the only question left for our determination on appeal is whether the trial judge erred in denying defendant's challenge seeking to excuse [the prospective juror] from the jury venire for cause.

Therefore, we must consider whether the trial court committed error in denying Defendant's challenge for cause of [the] juror.

*State v. Schmidt*, 99-1412, pp. 30-31 (La.App. 3 Cir. 7/26/00), 771 So.2d 131, 148-49, *writ denied*, 00-2950 (La. 9/28/01), 798 So.2d 105, *cert denied*, 535 U.S. 905, 122 S.Ct. 1205 (2002).

By our count, Defendant used more than twelve peremptory challenges. The State appears to concede that Defendant used all his peremptory challenges.

Defendant notes that venire member Giffen expressed a bias in favor of police officers and alleges that the trial court's questions did not adequately address the issue. Specifically, Defendant alleges the question and answer regarding whether Giffen would believe an officer she did not find credible neither reveals nor negates anything about the probable bias she had expressed.

Although the jurisprudence is replete with cases such as *Schmidt* that affirm a trial court's discretion regarding a challenge for cause, the record here shows that no rehabilitation took place. Defendant alleges that the trial court also failed to adequately address the issues raised by venire member Blanchard, who had relatives in the FBI.

In *State v. Johnson*, 06-623, pp. 18-19 (La.App. 3 Cir. 11/2/06), 941 So.2d 696, 708, *writ denied*, 06-3024 (La. 9/14/07), 963 So.2d 995, this court conducted an analysis of this issue and concluded:

> In the case *sub judice*, there were witnesses present when the Defendant stabbed Jerry and the Defendant admitted she stabbed him. Therefore, we find that, as in *Price*, 842 So.2d 491, the testimony of police officers was not crucial to the State's case. Furthermore, prospective juror Dudley was sufficiently rehabilitated, as he indicated he could be neutral and judge the facts of the case. Accordingly, we find the trial court properly denied the Defendant's challenge for cause as to prospective juror Dudley.

The following year, in *State v. Roberts*, 06-765, (La.App. 3 Cir. 1/17/07), 947 So.2d 208, *writ denied*, 07-362 (La. 10/5/07), 964 So.2d 938, the court reached the same conclusion.

In the present case, the State presented the testimony of each of the two victims, as well as the testimony of a lay eyewitness. Thus, testimony from law enforcement witnesses was not crucial to the State's case. Two deputies gave potentially significant testimony: one stated that Defendant admitted stabbing the

female victim; the other deputy testified Defendant admitted he meant to do it. However, the evidence provided by the three eyewitnesses formed the core of the State's case. Also, the State introduced several photographs showing the bloody victims and presented medical testimony that Champagne suffered a punctured lung. Thus, the State's case was not dependent on the deputies' testimonies; pursuant to *Roberts* and *Johnson*, the trial court did not abuse its discretion in denying the challenges for cause against either of the venire members at issue.

For the reasons discussed, the assignment lacks merit.

## ADMISSION OF 911 TAPE

In his second assignment of error, Defendant argues that the trial court erred by admitting the entire 911 tape of the incident. Defendant's counsel objected to the tape's introduction and also moved for a mistrial. On appeal, he cites no jurisprudence to support his position. Similarly, the State offers no jurisprudence in its brief.

This court has said, "While the trial court may have erred when it allowed . . . the taped 911 calls to be admitted, such error was harmless. This court finds that there was sufficient evidence without the 911 calls to convict Defendant. . . ." *State v. Brandenburg*, 06-1158, p. 14 (La.App. 3 Cir. 2/7/07), 949 So.2d 625, 635-36, *writ denied*, 07-538 (10/26/07), 966 So.2d 571, *and writ denied*, 07-614 (La. 10/26/07), 966 So.2d 573. The present convictions were supported by testimony from each of the two victims and another eyewitness. Further, as the State points out, the jury must not have been unduly inflamed by hearing the tape, since it returned a reduced verdict of attempted manslaughter instead of attempted second degree murder. For the reasons discussed, the assignment lacks merit.

4

# OPINION TESTIMONY

In his final assignment of error regarding the underlying convictions, Defendant argues Guilbeau was improperly allowed to give his opinion about text messages the other victim received from Defendant. He states the text messages themselves were not introduced. The State argues that Guilbeau's opinion was admissible to prove intent.

Neither party cites any jurisprudence, but Defendant cites La.Code Evid. art. 701, which states:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
>
> (1) Rationally based on the perception of the witness; and
>
> (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.

He contends that the witness's opinion cannot be evaluated, since the text messages were not introduced.

While Guilbeau's testimony may be considered inappropriate lay opinion, we find its admission by the trial court to be harmless error. *See, e.g., State v. Casey*, 99-23 (La. 1/26/00), 775 So.2d 1022, *cert. denied*, 531 U.S. 840, 121 S.Ct. 104 (2000). As observed in the previous assignments of error, the State adduced testimony from both victims and a third eyewitness. Also, the jury apparently was not unduly inflamed by Guilbeau's characterization of the text messages as threatening, since it returned a reduced verdict on one of the charges. For the reasons discussed, this assignment lacks merit.

We turn now to the assignments of error which address the habitual offender proceeding under docket number 12-664.

5

## APPROPRIATNESS OF  SENTENCE

There are two assignments of error regarding the habitual offender proceeding.  Defendant argues that the trial court erred by imposing an indeterminate sentence because it imposed a single sentence for two underlying convictions.   The State argues that the trial court erred by departing downward from the sentence mandated by La.R.S. 15:529.1.  The State asked that this court vacate the sixty-year sentence and impose the mandatory life sentence.  Defendant countered, alleging that these errors are patent on the face of the record and require remand for resentencing.  The State, in a two-sentence argument, acknowledged the error patent but reiterated its original request for relief.

It is an error clear from the face of the record and leaves one of the underlying convictions without a corresponding sentence.  Further, it is not clear which conviction carries the sentence imposed.  An indeterminate sentence is an illegal sentence, as it violates La.Code Crim.P. art. 879.  *State v. Burton*, 94-486 (La.App. 3 Cir. 11/9/94), 649 So.2d 694.   Thus, the issue regarding the indeterminate sentence has merit.   The trial court is instructed to impose determinate sentences corresponding to the two convictions.

As the sentence must be vacated for the error patent, the remaining issue is moot.

## DECREE

For the foregoing reasons, Defendant's convictions are affirmed.  Defendant's sentence is vacated and the case remanded for the imposition of determinate sentences in accordance with this opinion.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.